STATE, *ex rel.* CARY D. LANDIS, as Attorney General Relator, v. JOHN U. BIRD, Respondent. JOHN I. VINEY, Claimant.

163 So. 248.

En Banc.

Opinion Filed September 12, 1935.

782

*Cary D. Landis,* Attorney General, *H. E. Carter,* Assistant, for Relator.

*J. Locke Kelly, Jack F. White* and *W. B. Dickenson,* for Respondent Bird;

*Bussey, Mann & Barton,* for Claimant Viney;

*Charles F. Blake, D. A. Finlayson, Frank L. Butts, C. Edmund Worth, C. Fred Thompson, John C. Polhill, E. B. Casler, Jr., W. H. Wolfe, Ray E. Ulmer, Alfred P. Marshall, S. E. Simmons, L. Y. Douglas, Edwin W. Grenelle, C. E. Varn, D. M. Johnson, E. Pogue, H. H. Baskin, Ralph Richards, M. H. Jones, J. E. Hampton, Ed S. Whitson, Arthur W. Jordan, H. L. Thompson, D. G. Haley, John F. Burket, Paul M. Souder, F. W. Dart, Frank Evans, J. D. Gill, L. R. Perry, Arthur R. Clarke, J. Douglas Arnest, C. I. McKaig, John Fite Robertson, Stephen B. Jennings, Harrison E. Barringer, Frank Redd, M. H. Wilson, Thos. L. Mervin, Jr.,* as *amici curiae.*

## STATEMENT.

The question to be determined involves the authority of the Governor to appoint Circuit Judges. A brief consideration of the organic system for the selection of officers

will be helpful in a judicial ascertainment of the intendments of the present Constitution relative to the appointment of Circuit Judges.

The government of this State is established upon the principle expressed in the Constitution that "all political power is inherent in the people." The will of the people is expressed at the polls by those of the citizens upon whom the right to vote is conferred. They elect by direct ballot those who are authorized to enact the laws within the limitations prescribed in the Constitution; while those who, as officers, are to administer the laws are chosen by ballot at the polls, or are appointed or otherwise chosen by expressly authorized officials or tribunals. Authority to select officials to administer the laws is not inherent in any department of the government, but is delegated within definite limitations by the people through the Constitution and statutes.

Before delegating any of the powers of government, the Constitution, adopted at the polls and expressing the will of the people, divided such powers into three departments; and the Constitution of 1885 provides that "no person properly belonging to one of the departments shall exercise any powers appertaining to either of the others, except in cases expressly provided for in this Constitution." Article II.

All the Constitutions of Florida provided for the election at the polls of the Governor and the members of the Legislature. In the Constitutions of 1838 and 1861 the principal State officers, including the Circuit Judges, were chosen by the Legislature, though, by amendments, some officers were to be elected at the polls. Under the Constitution of 1865 the State administrative and judicial officers, except the Supreme Court, were in general elected at the polls.

Under Acts of Congress of March and July, 1867, the Florida Constitution dated February 25, 1868, was formu-

lated, promulgated and adopted, under Federal military supervision by persons a majority of whom had not yet been duly enfranchised. The Fourteenth Amendment to the Federal Constitution became operative July 28, 1868, and the Fifteenth Amendment, March 30, 1870. The Florida Constitution adopted as stated above made radical changes in the provisions of the previous organic systems of selecting State and county officers in the Executive and Judicial Departments of the State government. It provided that the Governor, Lieutenant Governor, members of the Legislature and constables should be elected at the polls, and that all other officers of the Executive and Judicial Departments except the Clerk of the Supreme Court should be appointed by the Governor, in some cases with, and in other cases without, confirmation by the Senate.

Because of the extensive powers conferred by the Constitution of 1868 upon the Governor to appoint the officials who interpret as well as those who execute the law, the Constitution of 1885 was framed and adopted by representative citizens of the State, making most of the officers of the Executive and Judicial Departments elective. See Compiled General Laws of Florida, 1927, Annotated Edition, p. 4764, Compact Edition, p. 26.

However, because of the then inefficiency of many of the electors in some of the Judicial Circuits of the State, the system of having Circuit Judges appointed by the Governor and confirmed by the Senate was continued by the Constitution of 1885. Sec. 8, Art. V.

All of the Constitutions of the State provided that vacancies in Executive and Judicial official offices which may occur or may be declared by the law, shall be filled by Executive appointments until the next election or until the end of the next Legislature, or to the end of the next en-

suing session of the Senate, according as the officers were chosen by election or by the Legislature or by the Governor and the Senate. No officers are now chosen by the Legislature except legislative officers under Section 6 of Article III.

Under the Constitution of 1885 which was ratified in November, 1886, and became effective January 1, 1887, State and county officers in the Executive and Judicial Departments are chosen either (1) by election at the appropriate biennial general elections held on the first Tuesday after the first Monday in November of the even numbered years; or (2) by appointment by the Governor and confirmation by the Senate; or (3) by appointment by the Governor alone as in Section 16 of Article IV; Sections 27 and 34, Article III; Section 230 C. G. L.; or (4) by exceptional methods as in Section 6 of Article III and Section 7 of Article V. The Legislature convenes in regular biennial sessions on the first Tuesday after the first Monday in April of the odd numbered years, and may be in session sixty days. Extra sessions convened by the Governor may continue twenty days. The Senate convenes and adjourns as a branch of the Legislature. Circuit Judges are appointed by the Governor and confirmed by the Senate. Their official terms are for periods of six years and begin during or shortly after the sessions of the Senate at which the appointments are to be made and confirmed.

Vacancies in the elective offices, except in the offices of Governor and members of the Legislature and officers of the Legislature under Section 6 of Article III, are filled by Executive appointment until "the election and qualification of successors at the ensuing general election" (Sec. 6, Art. XVIII), or for the unexpired term if it comes before the next general election (Sec. 7, Art. IV).

Elections to fill vacancies in the elective offices are for the unexpired term (Secs. 7, 9, Art. XVIII, Advisory Opinion, 72 Fla. 422, 73 So. 742,; Advisory Opinion, 25 Fla. 426, 5 So. 613; State, *ex rel.,* v. Day, 14 Fla. 9; State v. Gamble, 13 Fla. 9). Vacancies in the office of Governor are filled by the succession of the President of the Senate, or if none, by the Speaker of the House of Representatives. Sec. 19, Art. IV, Sec. 34, Art. III, Constitution.

Vacancies in office where the officers are required by law to be appointed by the Governor and confirmed by the Senate are filled by Executive appointment until the end of the term, if that comes before the next session of the Senate (Sec. 7, Art. IV) or until the end of the next ensuing session of the Senate if a session of the Senate comes before the end of the term. Sec. 7, Art. IV; Sec. 33, Art. V, Constitution; Secs. 461 (396)-464 (399) C. G. L.; Advisory Opinion, 14 Fla. 277; State, *ex rel.,* v. Murphy, 32 Fla. 138, 13 So. 705; Advisory Opinion, 45 Fla. 154, 34 So. 571. All confirmations of Executive appointments by the Senate are for a full term or for the remainder of a term in which a vacancy occurs. Advisory Opinion, 45 Fla. 154, 34 So. 571; Simonton v. State, *ex rel.,* 44 Fla. 289, 31 So. 821.

Section 7 of Article IV of the Constitution authorizes the Governor to fill a vacancy in office for the unexpired term where "no mode is provided by this Constitution or by the laws of the State for filling such vacancy." Authority to appoint to fill vacancies in office for periods other than for the unexpired term is to be found in other provisions of the Constitution and statutes than Section 7 of Article IV. See Sec. 6, Art. XVIII; Secs. 461 (396), 464 (399) C. G. L.; Sec. 15, Art. IV; Sec. 34, Art. III.

Vacancies in the office of State Senator or member of the House of Representatives are filled by special elections

(Sec. 254 [219] C. G. L.) therefore, Section 7 of Article IV of the Constitution is not applicable where a vacancy occurs in the office of a member of the Legislature. Special elections may also be held where there has been no choice of any officer who should have been elected at a general election. See also paragraph 3, 4, Sec. 254 (219) C. G. L.

Under the Constitution and statutes the Governor is authorized to appoint other officers in the *Executive* and *Judicial* Departments of the State government, (1) where the law provides that an office shall be filled by Executive appointment as in Sections 15 and 16 of Article IV, Sections 27 and 34 of Article III of the Constitution; Sections 230, 1790, 1903, 2131, 3846, C. G. L.; State, *ex rel.,* v. Amos, 101 Fla. 114, 133 So. 623; or (2) where the law expressly authorizes the Governor to fill particular vacancies in office by Executive appointment alone, Section 34, Article III; Sections 462 (397), 463 (398) C. G. L.; or (3) where there is an actual vacancy in an elective or appointive office, as in the case of death, effective resignation, impeachment, suspension, or removal from office, retirement or abandonment, Section 15, Article IV, Sections 461 (396)-464 (399) C. G. L., State, *ex rel.,* v. Gamble, 13 Fla. 9, State, *ex rel.,* v. Day, 14 Fla. 9; or (4) where under a statute an office is deemed vacant or becomes vacant on any grounds stated in the statutes or in the Constitution, as in Section 34, Article III, Section 15, Article IV, Section 7, Article VIII, of the Constitution, Sections 461 (396)-464 (399), 2421 (1573) C. G. L., or other laws consistent with Section 7 of Article IV of the Constitution. The power of Executive appointment to fill actual or declared vacancies in office for the causes or in the classes of cases *stated in the laws,* may exist, even though there be an incumbent of the office holding in his own term or who continues in office after

the expiration of his official term, under Section 14 of Article XVI of the Constitution. The terms or periods for which Executive appointments of officers may be made initially or to fill actual or declared vacancies, are stated in the Constitution or the statutes. Secs. 7, 15, 16, Art. IV; Sec. 33, Art. V; Sec. 34, Art. III; Sec. 6, Art. XVIII, Constitution; Sec. 464 (399) C. G. L., and other statutes. Cycle terms of office begin with the first appointments unless otherwise provided by law. The law and not the commission determines the term of the office. State, *ex rel.*, v. Collins, 101 Fla. 371, 134 So. 595.

If the vacancy occurs between a general election and the end of the term of office, the Executive appointment is to end of the term (Sec. 7, Art. IV) ; and if an elected officer dies before the commencement of the term to which he was elected, an Executive appointment may be made at or after the beginning of the term to hold until the "election and qualification of a successor at the ensuing general election." Sec. 6, Art. XVIII; State, *ex rel.*, v. Taylor, 108 Fla. 541, 146 So. 549. See Advisory Opinion, 65 Fla. 434, 62 So. 363, 50 L. R. A. (N. S.) 365, 374 and notes. See also Advisory Opinion, 72 Fla. 422, 73 So. 742, where the officer appointed to hold until the qualification of a successor at the next general election, held also till the end of the term because there had been no election of a successor for the intervening two months between the general election and the beginning of the new term, and no Executive appointment for that short period had been made. If an elective or appointive officer fails to duly qualify within the time prescribed by law, the statute declares the office to be "deemed vacant" and an Executive appointment may be made until the election and qualification of a successor at the next general election. Paragraph 5, Sec. 461 C. G. L.;

Sec. 6, Art. XVIII; Advisory Opinion, 65 Fla. 434, 62 So. 363; 50 L. R. A. 365.

Where an office with stated terms is to be filled by Executive appointment without confirmation by the Senate, the Governor appoints for the term and may appoint to fill a vacancy until the end of the term, and may appoint a successor at any time after the expiration of a term for the whole or for the remainder of the new term if a part of such term has passed when the appointment is made. Secs. 7, 16, Art. IV; Secs. 461 (396)-464 (399), 1790 (1232) C. G. L.; State, *ex rel.,* v. Amos, 101 Fla. 114, 133 So. 623. The Governor cannot appoint an officer for a period different from that stated in the law. Advisory Opinion, 14 Fla. 277.

Where an office is to be filled by appointment by the Governor and confirmation by the Senate, vacancies in the office which exist during a session of the Senate should be confirmed by the Senate for the remainder of the term. Simonton v. State, *ex rel.,* 44 Fla. 289, 31 So. 821; Advisory Opinion, 45 Fla. 154, 34 So. 571; State, *ex rel.,* v. Collins, 101 Fla. 371, 134 So. 595.

If the vacancy exists when the Senate is not in session, it may be filled by Executive appointment until the end of the term if that occurs before the Senate convenes, or if the term does not expire before the next session of the Senate, until the next ensuing regular or special session of the Senate unless an appointment be sooner made and confirmed and consented to by the Senate. Sec. 7, Art. IV; Sec. 464 (399) C. G. L.; Advisory Opinion, 64 Fla. 16, 59 So. 782. In such latter case an appointment should be made and confirmed by the Senate at its next session for the remainder of the term. Advisory Opinion, 45 Fla. 154, 34 So. 571.

When officers are required to be appointed by the Governor and confirmed by the Senate, the Constitution and statutes contemplate that such appointments and confirmation shall be at each session of the Senate for terms beginning before the next session of the Senate and to fill vacancies for the unexpired term. This was expressly provided for by original Section 8, Article V, as to Circuit Judges and is plainly contemplated by amended Sections 8 and 35, and Sections 33, 42, 43 and 45, Constitution; Simonton v. State, 44 Fla. 289, 31 So. 821; Advisory Opinion, 45 Fla. 154, 34 So. 571.

Section 45 of Article V required the enactment of a statute to make effective the organic commands contained therein, and Senate Bill No. 4, Chapter 17085, Acts of 1935, approved May 31, 1935, defined the Judicial Circuits and designated the number of Circuit Judges for each Judicial Circuit, the intent being that the Judges of the duly authorized Judicial Circuits and the authorized additional Circuit Judges should be appointed by the Governor and confirmed by the Senate upon the statute's becoming a law; which statute was required to be enacted "to make effective the reapportionment and reduction of the Judicial Circuits and the Circuit Judges hereby contemplated." Paragraph (b) Sec. 45, Art. V, Constitution, adopted Nov. 6, 1934; Senate Bill No. 4, approved May 31, 1935, Chapter 17085, Acts of 1935. The appointments duly confirmed take effect sixty days after the statute becomes a law, July 30, 1934, Sec. 6, Chapter 17085.

An office is continued where it would otherwise terminate or cease to exist or expire by limitation.

An office which the law contemplates shall continue in existence as created until abolished, remains in existence unless otherwise provided by law, even though the begin-.

ning of the cycle terms of the office be changed and the incumbent continues in office after the expiration of his term until the new cycle term begins under an amendment to the law. Section 45, Article V, of the Constitution requires "the reapportionment and reduction of Judicial Circuits and Circuit Judges," but it does not create or continue the office of any Judge of a Judicial Circuit. The *offices* of Circuit Judges in existence remain existing till the number are reapportioned. Insofar as Judicial Circuits are unchanged they remain in existence without being continued within the meaning of the sixth paragraph of Section 461 (396) C. G. L.

Chapter 17085, Acts of 1935, Senate Bill No. 4, approved May 21, 1935, enacted under Section 45, Article V, of the Constitution, reduces the number, and reapportions, the Judicial Circuits of the State, and reduces the number of offices of Circuit Judges and of additional Circuit Judges in the State, but recognizes the Sixth Judicial Circuit and the office of Judge of the Sixth Judicial Circuit and the office of one additional Circuit Judge as remaining in existence in the Sixth Judicial Circuit as theretofore created, which recognition is made manifest by redefining the Circuit as it then existed; by repealing the provision of Section 8, Article V, that there shall be one Circuit Judge for each Judicial Circuit; and by providing that the Sixth Judicial Circuit shall have two Circuit Judges; which includes one additional Circuit Judge whose office had been previously created under Section 43, Article V. The provisions of Section 3 of Chapter 17085, Acts of 1935, under paragraph (a) of Section 45, Article V, Constitution, in legal effect retain in office until the expiration of their official terms, respectively, only those *Circuit Judges who were holding office* at the time of the ratification of Section 45, Article

V, on November 6, 1934, and who are not appointed or reappointed Circuit Judges pursuant to Chapter 17085 under Sections 8, 43 and 45 of Article V. But such offices may become vacant before the end of the current terms; and they remain in existence till the end of the current term *only for the incumbents* of the offices on November 6, 1934.

The office of Judge of the Sixth Judicial Circuit was not "created or continued" by Section 45, Article V, of the Constitution or by Chapter 17085, Acts of 1935; but it is recognized as remaining in existence as theretofore created; and such office is not "deemed vacant" under paragraph "Sixth" of Section 461 (394) C. G. L.; therefore the Governor is not authorized to fill the office by Executive appointment under Section 7, Article IV, of the Constitution on the ground that the office has been "continued" by Chapter 17085 and not duly filled, and is "deemed vacant" under paragraph six, Section 461 (394) C. G. L., so as to authorize an Executive appointment under Section 7, Article IV, of the Constitution.

An office may become actually vacant as by death, due removal from office, abandonment or other causes; and the Constitution and statutes may provide that an office shall be deemed vacant or shall become vacant upon grounds or for reasons stated in the law. In either class of cases the Governor is authorized to fill the actual or declared vacancy by Executive appointment, even though Section 14 of Article XVI of the Constitution provides that officers shall continue in office after the expiration of their official terms until their successors are duly qualified; for if there is an actual or declared vacancy and the Governor is authorized to appoint an officer to fill the vacancy, Section 14 of Article XVI is not applicable. But when the Governor ap-

points a member of the Judicial Department, the power to do so must be expressly *provided* for in the Constitution, Article II.

The authority to fill vacancies in office by Executive appointments is expressly provided for by Section 7 of Article IV of the Constitution; but neither the Constitution nor the statutes make an office "deemed vacant" upon the expiration of a term when it has not been filled by the prescribed mode; and under Section 14 of Article XIV, the incumbent "shall continue in office until" a successor is "duly qualified." When an office is not actually vacant or is not in law "deemed vacant," there is no vacancy that can be filled by an Executive appointment; so a successor cannot be "duly qualified" under an Executive appointment where there is no actual or duly declared vacancy. This is so because the authority to fill a vacancy in office is not inherent in the Executive Department, but must be expressly *provided for* by the Constitution and conferred by law, particularly when the office *appertains* to the *Judicial* Department, the Governor being of the Executive Department, Article II of the Constitution.

Paragraph (e), Section 45 of Article V, provides that "The reapportionment of Circuits and Judges thereof hereby provided for shall become effective sixty days after the Act providing for same shall have become a law."

Section 6 of Senate Bill No. 4, Chapter 17085, Acts of 1935, provides that:

"This Act and all appointments under this Act shall take effect sixty days after the same becomes a law, as provided under the said Amendment of Section 45, of Article V, Constitution of Florida."

These provisions necessarily contemplate that the required Circuit Judges under Chapter 17085 would be ap-

pointed and confirmed when Chapter 17085 *became a law* on May 31, 1935, the Legislature then being in regular session. Advisory Opinion, 120 Fla. 142, 162 So. 346.

As an illustration of the operation of the law in the appointment of Judges of Judicial Circuits under Sections 8 and 45 of Article V of the Constitution, a statement of some actual instances may be helpful.

Honorable Wm. S. Bullock, who had been appointed by the Governor and confirmed by the Senate for a term of six years from June 24, 1929, as Judge of the Fifth Judicial Circuit of Florida, died May 28, 1935, while the Legislature was in session. His official term extended to June 24, 1935. The term was in legal effect extended to July 30, 1935, by Section 45 of Article V, and Chapter 17085, Acts of 1935. No successor for the unexpired term was appointed by the Governor and confirmed by the Senate before the Legislature adjourned *sine die*. Honorable J. C. B. Koonce was appointed and confirmed as Judge of the Fifth Judicial Circuit for the term of six years beginning July 30, 1935. The Legislature adjourned *sine die* May 31, 1935. After the adjournment of the Legislature the Governor on June 7, 1935, under Section 7 of Article IV of the Constitution appointed Honorable Robert L. Anderson to be Judge of the Fifth Judicial Circuit for the period from June 7, 1935, to June 23, 1935, or in effect for the unexpired term of Judge Wm. S. Bullock, who died May 28, 1935. Under Section 14 of Article XVI of the Constitution, Judge Anderson was authorized to "continue in office" until the qualification of his successor as Judge of the Fifth Judicial Circuit. Judge Koonce duly qualified as Judge of the Fifth Judicial Circuit as of July 30, 1935, under Section 45, Article V, of the Constitution, and Chapter 17085, Acts of 1935. Judge Robert L. Anderson died July

26, 1935. The commission of Honorable J. C. B. Koonce to be Judge of the Fifth Judicial Circuit became effective July 30, 1935, under Sections 8 and 45, Article V, Constitution, and Chapter 17085, Acts of 1935, Senate Bill No. 4. There was no Executive appointment for the period from July 26, 1935, when Judge Anderson died, to July 30, 1935, when Judge Koonce became Judge of the Fifth Judicial Circuit of Florida.

When amended Section 2 of Article V was adopted at the general election in November, 1902, providing for the election of three additional Justices of the Supreme Court, the first three Justices to be appointed by the Governor and confirmed by the Senate, the Senate was not in session when the amendment was adopted; and after the amendment was declared adopted on December 1, 1902, when the Senate was not in session, the three additional Justices of the Supreme Court were appointed by Governor Jennings under the authority conferred by Section 7 of Article IV of the Constitution, and paragraph six of Section 461 (396)-464 (399) C. G. L.

Chapter 6169, Acts of 1911, provided for reducing the number of Supreme Court Justices to five, and the number was so reduced by the resignation of Judge C. B. Parkhill. Chapter 9280, Acts of 1923, provided for an increase of the number of the Justices of the Supreme Court to six as authorized by amended Section 2 of Article V of the Constitution, and the sixth member was appointed by Governor Hardee under authority of the Act and Section 6 of Article XVIII, Section 7 of Article IV, and paragraph six of Section 461 (396) C. G. L.

The record in this cause shows that under Chapter 12265, Acts of 1927, providing for two additional Circuit Judges in the Sixth Judicial Circuit, Hon. T. Frank Hobson was

on February 28, 1928, appointed by the Governor without confirmation as one of such additional Circuit Judges, and that upon confirmation at the next session of the Senate he was commissioned for the six-year term, beginning with his appointment and ending February 28, 1934; and that having been appointed and confirmed for another term at the legislative session in 1933, he now is a Circuit Judge in the Sixth Judicial Circuit under a commission for six years from February 28, 1934. As Judge Hobson was not appointed and confirmed as Circuit Judge or as additional Circuit Judge in the Sixth Circuit under Section 45 of Article V, and Chapter 17085, he may hold his present office until the end of his official term under Section 45 of Article V, and Chapter 17085, unless the office becomes vacant as provided by law.

Among the cases referred to by counsel are the following:

In State, *ex rel.,* v. Murphy, 32 Fla. 138, 13 So. 705, the officers who claimed the right "to continue in office" under Section 14 of Article XVI of the Constitution of 1885, were county commissioners, who are *administrative* officers subject to suspension by the Governor, and the appointees for successors had been nominated to the Senate by the Governor who also had the power to suspend the officers, but the Senate failed to confirm or to reject the appointments.

In Advisory Opinion, 25 Fla. 426, 5 So. 613, the county administrative offices were declared to be vacant by the statute because the officers who had been *elected* for the term had failed to qualify as required by Section 7 of Article VIII of the Constitution. The Governor properly made appointments to fill vacancies until the election and qualification of successors at the general election. Likewise as to Advisory Opinion, 65 Fla. 434, 52 So. 363, where an *elected* State administrative officer failed to qualify under

paragraph five of Section 461 (396) C. G. L.; *Hood v. Miller* 144 *Okla.* 288, 291 Pac. 504.

In Advisory Opinion, 14 Fla. 277, an appointive State officer failed to duly qualify, thereby causing a statutory vacancy in the office, and an Executive appointment was made till the end of the next session of the Senate, under Sections 461-464 C. G. L.

In State, *ex rel.,* v. Collins, 101 Fla. 371, 134 So. 595, a former incumbent of the office of Judge of the Criminal Court of Record for Dade County had been suspended by the Governor under the Constitution after his term in law had expired. Another person was appointed to the office; he abandoned the office, and a third person was appointed by the Governor. The Senate refused to concur in the Executive suspension from office; but if the suspended officer had not abandoned the office he was not then in office so as to "continue in office," under Section 14 of Article XVI of the Constitution, and his term having expired, he was not awarded a right to the office in quo warranto proceedings.

In Advisory Opinion, 93 Fla. 1024, 113 So. 115, the office was originally filled by Executive appointment under paragraph six of Sections 461-464 C. G. L. Later there was a vacancy by resignation. See also Advisory Opinion, 64 Fla. 16, 59 So. 782.

In Advisory Opinion, 101 Fla. 1510, 136 So. 623, the Governor was upon request advised that he could legally send to the Senate at a session in June, 1931, for confirmation, an appointment to the office of additional Circuit Judge, the term of which would begin anew the following December. The Governor did not advise an advisory opinion as to the legal effect of a failure to send the name to the Senate for confirmation if an appointment for a new

term be made by the Governor without confirmation when the Senate is not in session. See Advisory Opinion, 93 Fla. 1024, 113 So. 115.

In State v. Gamble, 13 Fla. 9, and State, *ex rel.,* v. Day, 14 Fla. 9, the officer had been removed from office because he was ineligible to election as Lieutenant Governor under the Constitution.

In all Florida cases except State, *ex rel.,* v. Murphy, 32 Fla. 138, 13 So. 705, where the office is filled by election or by appointment and confirmation, and the law prescribes cycle terms and provides that the incumbent "shall continue in office" after the expiration of his official term until his successor is "duly qualified," the Executive appointment without confirmation was to fill an actual vacancy or a duly declared vacancy in the office that resulted not from a mere expiration of a term or a failure to elect or to appoint and confirm a successor to fill the office, but from some cause expressly stated in the law and relating to the incumbent or to a person chosen to succeed the incumbent, as where the incumbent had been removed from office (State, *ex rel.,* v. Gamble, 13 Fla. 9; State, *ex rel.,* v. Day, 14 Fla. 9) or where the chosen successor failed to qualify, in which case the law expressly declared the office "shall be deemed vacant." (Advisory Opinion, 14 Fla. 277; Advisory Opinion, 25 Fla. 426, 5 So. 613; Advisory Opinion 65 Fla. 434, 62 So. 363; also Hood v. Miller, 144 Okla. 288, 291 Pac. 504; State, *ex rel.,* v. Saxon, 25 Fla. 792, 6 So. 858), or where the chosen successor died before his term began, thereby creating a vacancy in the new term (State, *ex rel.,* v. Taylor, 108 Fla. 541, 146 So. 549), or died during the term, causing a vacancy in the office. (Advisory Opinion, 92 Fla. 989, 111 So. 252; see also State, *ex rel.,* v. Johnson, 30 Fla. 433, 11 So. 845), or where the officer had

been suspended or removed from office under Section 15, Article IV, Constitution. (Advisory Opinion, 31 Fla. 1, 12 So. 114, 18 L. R. A. 594; Advisory Opinion, 69 Fla. 508, 68 So. 450; Advisory Opinion, 75 Fla. 674, 78 So. 673), or where the office had been created but not filled, and an appointment was made under paragraph six, Sections 461-464 (396-399) C. G. L. (Advisory Opinion, 101 Fla. 1510, 136 So. 623; Advisory Opinion, 93 Fla. 1024, 113 So. 115), or where the incumbent had been suspended from office *after his term had expired and was not in office* when it was filled by two successive Executive appointments (State, *ex rel.*, v. Collins, 101 Fla. 371, 134 So. 595), or where the incumbent was suspended from office and resigned. (Advisory Opinion, 72 Fla. 422, 73 So. 742.)

In State v. Cooke, 54 Tex. 482, C was elected Assessor of Taxes for an approaching term to succeed B. C failed to qualify and resigned. Another was appointed and qualified for the office. It was properly held that the election of C, who failed to qualify and resigned, and the appointment of another to fill the office for the new term, terminated the right of B to hold over after the end of his term. See State, *ex rel.*, v. Crawford, 76 Fla. 388, 79 So. 875; Advisory Opinion, 101 Fla. 1510, 136 So. 623.

In Johnson v. Mann, 77 Va. 265, the office had become vacant by law for failure to qualify as in Advisory Opinion, 14 Fla. 277, Advisory Opinion, 25 Fla. 426, 5 So. 613, Advisory Opinion, 65 Fla. 434, 62 So. 363.

In State, *ex rel.* Fritts, v. Kuhl, 51 N. J. L. 191, 17 Atl. 102, a vacancy in office caused by death, occurred when the Senate was in session, and such vacancy continuing after the adjournment of the Senate for the session, the Governor properly filled the vacancy by Executive appointment. This was done in Florida when Judge W. S. Bullock of

the Fifth Judicial Circuit died May 28, 1935, during a session of the Legislature. *After* the adjournment *sine die* of the Legislature, May 31, 1935, Governor Sholtz appointed Honorable Robert L. Anderson as successor to Judge Bullock for the remainder of the term, which would expire before the next regular session of the Legislature.

In State, *ex rel.,* v. Howe, 25 Ohio St. 588, it was held that:

"Where an officer appointed by the Governor, by and with the advice and consent of the Senate, is authorized by law to hold his office for a term of three years, and until his successor is appointed and qualified, and no appointment of a successor is made by the regular appointing power at the expiration of his term of three years, the office does not become vacant; but the incumbent holds over as a *de jure* officer until his successor is duly appointed and qualified." See Brady, *ex rel.,* v. Howe, 50 Miss. 607; State, *ex rel.,* v. Foster, 130 Ala. 154, 30 So. 477; State, *ex rel.,* v. McGough, 118 Ala. 159, 24 So. 395; State, *ex rel.,* v. Harrison, 113 Ind. 434, 16 N. E. 384.

In State, *ex rel.,* v. Clark, 87 Conn. 537, 89 Atl. 172, 52 L. R. A. 912, the *Constitution* fixed the term and the *statutes* could not authorize the incumbent to continue in office after the end of the term as against an Executive appointment authorized by law.

In State, *ex rel.,* v. Williams, 222 Mo. 268, 121 S. W. 64, 17 Ann. Cas. 1006, the relator Sikes took and acted under an unconstitutional appointment and commission for an illegal and longer period than that which was legally covered by a previous appointment which had been confirmed; therefore Sikes abandoned his rights under the first legal appointment that had been confirmed, and the appointment given Williams after Sikes' legal term had

expired, entitled Williams to the office since Sikes had, in law, abandoned his legal commission issued for a legal term upon due appointment and confirmation, though he had not abandoned the office; and at the end of Sikes' legal term he had no legal commission, having abandoned it and the office was legally vacant for the purpose of an Executive appointment, though the office was not actually vacant, but was being claimed by Sikes under a commission he had abandoned.

In Hood v. Miller, 144 Okla. 288, 291 Pac. 504, the officers chosen failed to qualify, and the statute declared a vacancy in the office as in Advisory Opinion, 25 Fla. 426, 5 So. 613; Advisory Opinion, 55 Fla. 434, 62 So. 363; Advisory Opinion, 14 Fla. 277.

In Kline v. McKelvy, 57 W. Va. 29, 49 S. E. 895, a successor to the incumbent had been elected, but failed to qualify, causing a vacancy in the new term of office to which the party elected was appointed. See Advisory Opinion, 25 Fla. 426, 5 So. 613; Advisory Opinion, 65 Fla. 434, 62 So. 363.

WHITFIELD, C. J.—This is a quo warranto proceeding brought July 1st, 1935, in this Court by the Attorney General for a judgment of ouster against Judge John U. Bird, who asserts a right under Section 14 of Article XVI, of the Constitution, to continue in office as Judge of the Sixth Judicial Circuit of Florida, after the expiration of his term of office on June 24th, 1935, until his successor as Judge of the Sixth Judicial Circuit is duly qualified upon an appointment by the Governor and confirmation by the Senate. It is alleged that Judge John I. Viney, also made a party, claims to be a Circuit Judge in and for the Sixth Judicial Circuit under an appointment by the Governor for the period from June 10th, 1935, until July 30th, 1935; and

that Judge Viney also has commissions issued June 25th, 1935, under two other appointments by the Governor without confirmation of the Senate; one as Circuit Judge and one as Constitutional Judge for the Sixth Judicial Circuit.

In response to the rule issued in the cause Judge Bird avers in effect that he was appointed by the Governor and confirmed by the Senate as Judge of the Sixth Judicial Circuit for the the last term, and that he is entitled, under Section 14 of Article XVI of the Constitution, to "continue in office," as Judge of the Sixth Judicial Circuit, after the expiration of his official term, June 24th, 1935, until his successor is duly qualified; and that no successor in the office for the current term has been duly qualified, in that no such successor has been appointed by the Governor and confirmed by the Senate, upon which he could become "duly qualified" as Judge of the Sixth Judicial Circuit; and that an appointment by the Governor alone of a Judge of the Sixth Judicial Circuit is not authorized by law when the office has not become vacant; and that the expiration of an official term and a failure to duly appoint and confirm a successor for the ensuing official term, does not in fact or in law, create a vacancy in the office while the incumbent continues in office and the office does not otherwise legally "become vacant."

Judge John I. Viney, in response to the rule, moved to strike portions of the petition; and also in effect avers that the previous official term of the office of Judge of the Sixth Judicial Circuit has expired, and that, pursuant to an appointment made by the Governor June 25, 1935, he has duly qualified as Constitutional Circuit Judge in and for the Sixth Judicial Circuit for a term of six years commencing July 30, 1935, subject to confirmation of the Senate, under

Section 45 of Article V of the Constitution, and Chapter 17085, Acts of 1935.

The Attorney General moved for a judgment of ouster against the Respondent, John U. Bird, upon the ground that he has not by his plea or return shown any lawful right or authority to hold or exercise the office of Constitutional Judge of the Sixth Judicial Circuit of the State of Florida.

The question is: Does a Judge of a Judicial Circuit who, under Section 8, Article V, of the Constitution, had been appointed by the Governor and confirmed by the Senate for a term of six years, continue in office under Section 14, Article XVI, of the Constitution, after the expiration of his official term, until his successor as Judge of the Judicial Circuit is appointed by the Governor and confirmed by the Senate, and is duly qualified thereunder, or does the mere expiration of the official term of the duly appointed and confirmed Judge of the Sixth Judicial Circuit, where a successor has not been duly appointed and confirmed, create a vacancy in the office under Section 7 of Article IV of the Constitution, and Sections 461 (396) and 464 (399) C. G. L., or other law, which the Governor is by law authorized to fill by appointment without confirmation by the Senate, the Senate not being in session when the term ended, though the Senate was in regular biennial session during the month before the term expired?

The selection of officers to exercise delegated governmental power is a sovereign function, which is not performed by the electorate, may, by express provisions of law be conferred upon officials or tribunals. Authority to appoint officials is not inherent in the general powers of any department of the government, and must be duly conferred before it can be lawfully exercised. When such delegated

authority is conferred, it should be exercised *strictly* within the terms, limitations, and intendments of the delegating language used as judicially interpreted. This is imperatively the rule of interpretation, where the authority to select official members of one department of the government, is delegated to a member or members of one or both of the other departments; and when, as in this State, the Constitution expressly provides that "no person properly belonging to one of the departments shall exercise any powers *appertaining* to either of the others, except in cases expressly provided for in the Constitution." Art. II, Constitution of Florida. Authority conferred upon the Chief Executive to appoint a Circuit Judge, who is a member of the Judicial Department, is a power *appertaining* to the Judicial Department; and the nature and extent of the delegated power must be "expressly *provided for* by the Constitution," as is done in Section 7, of Article IV, Section 34 of Article IIII, and Sections 8, 35, 42, 43 and 45 of Article V. The classes of cases in which the specially delegated power is to be exercised need not be expressly stated in the Constitution, though they should be stated in or recognized by statutes enacted pursuant to organic provisions. See Section 7 of Article IV of the Constitution, which refers to statutes. See also Sections 461 (396)-464 (399) C. G. L., enacted to effectuate such organic provisions as Section 7 of Article IV.

In making Executive appointments to fill vacancies in office under the Constitution, the Governor exercises delegated power which must be exerted within the limits prescribed by law. The Governor has the right to determine for himself, or upon the advice he has a right to ask by Section 13 of Article IV of the Constitution, whether a vacancy exists in an office, and if so, whether the Governor

is duly authorized to exercise his Executive power to appoint an officer; yet an Executive appointment of an officer is not authorized unless a vacancy in the office exists which could legally be filled by Executive appointment, or unless the power to appoint the officer is conferred by law upon the Governor; and the ultimate determination of the existence of the authority to appoint an officer is a judicial function in appropriate procedure.

Where the Governor has authority to appoint an officer to fill an office that is actually vacant or that is in law "deemed vacant" for a legally prescribed cause, the right of the incumbent to continue in office until his successor is duly qualified, ceases upon the due qualification of the Executive appointee.

When the Governor is authorized to appoint an officer to fill an office which is not actually vacant, but which the law deems to be vacant, the cause for making the office in law deemed to be vacant should be stated in or recognized by the written law, in order to determine from the law itself and the facts adduced, whether the appointee can legally become "duly qualified" as a successor to the incumbent.

For the purpose of making an authorized Executive appointment to fill it, an office may be actually vacant or may by statute be "deemed vacant" for any cause stated in the statute that does not violate organic law or unlawfully affect the rights of the incumbent.

The right and duty of an incumbent to continue in office after the expiration of his official term until his successor is duly qualified, is subject to the due exercise of expressly conferred Executive authority to fill the office by appointment when the office is actually vacant or when for stated causes the office is by law declared to be "deemed vacant."

In interpreting provisions of law conferring upon the

Chief Executive authority to appoint officers, there may be material distinctions intended by the Constitution to be observed between the appointment of Circuit Judges, constituting a portion of the Judicial Department, and County Commissioners, who are subordinate administrative officers of the Executive Department, at least as to implications that may be drawn from statutes which do not comport with the organic provision that no member of one department of the government shall exercise any powers "appertaining" to either of the other departments except *in cases* expressly *provided for* in the Constitution. Article II.

The Constitution of 1885 repeated the provisions of the Constitution of 1869 as to Judicial Circuits with one Circuit Judge for each Circuit. The term of each Circuit Judge under the Constitution of 1885 is six years. Vacancies in office are filled for the unexpired terms. Sec. 33, Art. V; Secs. 6, 7, 9, Art. XVIII.

Original Section 8 of Article V of the Constitution contained the following:

"Successors to the Judges of the Circuit Courts in office at the ratification of this Constitution shall be appointed and confirmed at the first session of the Legislature after such ratification."

This was done; and commissions to the Circuit Judges under such appointments and confirmations were issued and dated in May and June of 1887 for terms of six years each. Regular sessions of the Legislature are for sixty days, beginning on the first Tuesday after the first Monday in April of every odd numbered year. Extra sessions convened by proclamation of the Governor may extend to twenty days.

The last quoted provision and the practice thereunder

established the procedure under the Constitution of 1885, by which the Governor has regularly appointed successors to Circuit Judges during the session of the Legislature next preceding the expiration of the official terms, and has regularly transmitted to the Senate for confirmation the names of such appointees to succeed the Circuit Judges whose terms would expire before the next regular session of the Legislature. The six-year terms of the successors to the Judges of Judicial Circuits begin with the dates that correspond with the six-year cycle which began with the first commissions issued to Circuit Judges in May and June of 1887. As additional Judicial Circuits and additional Circuit Judges therefor were established under amended Section 35, Article V, Constitution, the Judges of the additional Judicial Circuits had terms beginning so as to expire along with the terms of the other Judges of Judicial Circuits. Sec. 8, Art. V, as amended in 1902; Advisory Opinion, 76 Fla. 649, 80 So. 519; Advisory Opinion, 78 Fla. 5, 82 So. 612.

As elective officers whose full terms begin on the first Tuesday after the first Monday in January after their election, are elected at the general elections held on the first Tuesday after the first Monday in November of even numbered, years, so appointive officers whose terms begin during or after a regular session of the Senate, should be appointed and confirmed at the session of the Senate next preceding the beginning of the terms. This is the manifest intent of the Constitution. The Constitution does not contemplate that appointments of successors to Circuit Judges should be deferred until the terms expire, for that would defeat the command of the organic law that Circuit Judges "shall be appointed by the Governor and confirmed by the Senate." Appointments and confirmations of officers are,

by necessary intendment of the Constitution, required to be made during the session next preceding the expiration of the official terms; and this has been the established procedure under the Constitution of 1885.

The cycle terms of the *Additional Circuit Judges* authorized by statute under Section 43 of Article V, began on the dates of the commissions issued under the first appointments. If the first appointment of a Circuit Judge is made when the Senate is not in session, it is made by the Governor without confirmation as is expressly authorized by paragraph 6 of Section 461 (396) C. G. L., and also expressly authorized by the statute creating the office. See Sec. 4770, *et seq.,* C. G. L. An Executive appointment of a Circuit Judge is in law until the end of the next ensuing session of the Senate under Section 464 (399) C. G. L.; and at such ensuing session of the Senate an appointment and confirmation should be made, not for another six-year term, but for the remainder of the current term as required by Section 33 of Article V, which section was incorporated into the Constitution of 1885 to change the rule announced in Advisory Opinion to the Governor, 16 Fla. 841, that "where the term of an office is fixed by the Constitution, each succeeding incumbent, appointed in accordance with the Constitution, holds the office for the full term."

See State, *ex rel.,* v. Amos, 101 Fla. 114, 133 So. 623.

The Constitution provides that the State shall be divided into Judicial Circuits and that one Circuit Judge shall be assigned to each Circuit; that additional Circuit Judges may be provided for in Circuits according to population; that Circuit Judges and Additional Circuit Judges shall be appointed by the Governor and confirmed by the Senate and shall hold their offices for six years. Secs. 8, 35, 42, 43, and 45, Art. V; that all State officers shall continue in

office after the expiration of their official terms until their successors are duly qualified, Sec. 14, Art. XVI; that when any office from any cause shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term, Sec. 7, Art. IV. See Sec. 34, Art. III, Secs. 461 (396)-464 (399) C. G. L., Sec. 33, Art. V, as to the periods for which appointments to fill vacancies in office shall be made. See also Secs. 6, 7, and 9, Art. XVIII, as to filling vacancies in elective offices.

The Constitution provides that Circuit Judges "shall be appointed by the Governor and confirmed by the Senate." Secs. 8, 35, 42, 43, Art. V. Such provision includes (1) the initial appointment and confirmation of Circuit Judges; (2) the appointment and confirmation of *successors* to Circuit Judges whose terms will expire before the next regular session of the Senate, Advisory Opinion, 101 Fla. 1510; (3) the appointment and confirmation of Circuit Judges which exist *when the Senate is in session,* Advisory Opinion, 45 Fla. 154, 34 So. 571, and (4) the appointment and confirmation of successors to Circuit Judges for the remainder of the current terms, who had been appointed by the Governor when the Senate was not in session to fill vacancies in the offices until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed by the Senate, Advisory Opinion, 45 Fla. 154, 34 So. 571.

The Constitution also makes separate and distinct provisions for Circuit Judges to be appointed by the Governor without the confirmation of the Senate, in order to *fill vacancies* which occur in offices including those of Circuit Judges, *when the Senate is not in session.* Section 7 of

Article IV provides that "when any office from any cause, shall become vacant, and no mode is provided by the Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term." The Governor is authorized to fill vacancies in office only when "no other mode is provided"; and an Executive appointment, to fill a vacancy *for the unexpired term* of the office, is authorized only when no other provision of law is applicable. See Section 33 of Article V, Section 6 of Article XVIII, Sections 464 (399) C. G. L. Section 7 of Article IV of the Constitution contemplates that statutes shall prescribe causes of vacancies in office and provide for filling such vacancies. Under the Constitution and statutes, the office of Circuit Judge may "become vacant" (1) when there is an actual vacancy in the office, as by death, resignation, retirement, or removal from office, Sec. 29, Art. III, Sec. 33, Art. V, Sec. 461 C. G. L., or (2) by impeachment, Sec. 34, Art. III, or (3) the office may by law be "deemed vacant" as to the new term when a Circuit Judge dies after being appointed and confirmed and before taking the office, or (4) when the appointed Judge neglects or refuses to qualify according to law or refuses to accept the office, or (5) when the incumbent is convicted of a felony or an offense involving the violation of his official oath, or (6) when the office of Circuit Judge as created or continued by the Constitution or laws shall not have been filled by election or appointment under the Constitution or law creating or continuing such office, Sec. 461 C. G. L. See also Secs 4770, *et seq.*, C. G. L., Advisory Opinion, 93 Fla. 1024, 113 So. 115. Section 464 (399) C. G. L., authorizes Executive appointments to fill vacancies in the classes of cases stated in Section 461 (396) C. G. L., "and

in all other cases in which a vacancy" in office "may occur," but this general provision does not cover this case.

The words, "from any cause," as used in Section 7 of Article IV of the Constitution mean any cause which renders the office actually vacant or any cause for which the office may by statute or organic law, be declared to be vacant for the purpose of filling the office as for a vacancy. See Sec. 7, Art. VIII, Sec. 34, Art. III, Secs. 462, 463 C. G. L. In all the causes or cases except one as they are stated in Constitution and statutes, for which or in which an office "shall become vacant," or "shall be deemed vacant," the predicate relates to the incumbent or to the person chosen as successor. The exception is the sixth paragraph of Section 461 (396) C. G. L., viz.: "When any office created or continued by the Constitution or laws shall not have been filled by election or appointment under the Constitution or laws creating or continuing such office." This alone among the prescribed cases in which an office "shall become vacant" or "shall be deemed vacant," has relation to the failure of the designated authority to elect or appoint an officer and not to the officer; and if the law intended to make the expiration of an official term cause a vacancy in office when a successor has not been chosen in the usual mode for filling the office, it would have been so stated in the law, particularly in view of the new organic provision that the incumbent "shall continue in office," contained in Section 14 of Article XVI, and not theretofore a part of the law of this State. Section 14 of Article XVI comports with the other related provisions of the Constitution of 1885 restricting appointments to office; and was intended to have due effect in determining whether an office has "become vacant." This is so even though Circuit Judges are now appointed by the Governor and confirmed

by the Senate as under the Constitution of 1868. Section 14 of Article XVI, being a new provision contained in the Constitution of 1885, should be interpreted with other related provisions of the Constitution and statutes enacted thereunder, to effectuate the definite purpose of the Constitution of 1885, to require constitutional officers to be elected at the polls or appointed by the Governor and confirmed by the Senate. "The Constitution clearly contemplates joint action by the Governor and the Senate in the matter of these appointments when possible and as soon as possible." Advisory Opinion to the Governor, 64 Fla. 16, 59 So. 782.

The words, "and in all other cases in which a vacancy may occur," as used in Section 464 (399) C. G. L., have relation to cases and causes of vacancies in office which appear in the Constitution, such as those in Section 7 of Article VIII, Section 15 of Article IV, Section 34 of Article III, and in Sections 462, 463 C. G. L., and other statutes; and possibly to cases of *actual* vacancies in office not stated in the written law, which deprive the office of any legal incumbent. But the Constitution contemplates that causes which do not produce actual vacancies in office but for which by law an office "shall become vacant" or "shall be deemed vacant," are to be prescribed by law, so that the authority to make Executive appointments may thereby be expressly conferred to be exercised in stated classes of cases, as contemplated by the Constitution. Section 7 of Article IV, and Section 14 of Article XVI and related statutes, are intended to operate upon *prescribed* causes of vacancies in office or upon *actual* vacancies; and the right and duty of the incumbent to continue in office and the rights of the intended successor being involved, they are entitled to be advised by law of the causes of vacancies

in office which are designed to affect the rights of incumbents and successors in office. The expiration of an official term where a successor has not been duly chosen, does not cause an actual vacancy in the office because the incumbent "shall continue in office" until his successor is "duly qualified," Sec. 14, Art. XVI, Constitution.

The only prescribed cause for which an office "shall be deemed vacant" that does not relate to the incumbent or to the intended successor, is the sixth paragraph of Section 461 (396) C. G. L., quoted above, in which situation there is no incumbent and no successor because the office in such case has never been filled. And that provision is not applicable in this case because the office of Circuit Judge of the Sixth Circuit remains as previously established, and has not been abolished or discontinued or created or continued by any law. Section 45 of Article V, and Chapter 17085, Acts of 1935, are designed "to make effective the re-apportionment and reduction of Judicial Circuits and Circuit Judges." Where Judicial Circuits and the offices of Judges of the Judicial Circuits *remain as they were* before Section 45 of Article V was adopted November 6, 1934, such offices are not created or continued, but remain as theretofore established, because they have not been discontinued. An office is not created or continued by a recognition of it, if by intendment of law it remains as formerly created until it is discontinued or abolished. The Sixth Judicial Circuit and the office of Judge of the Sixth Judicial Circuit or Circuit Judge of the Sixth Judicial Circuit, have not been altered or abolished, and they remain as they were prior to November 6, 1934. The mere change in the date when the new six year terms begin so as to make them uniform as intended by Section 45 of Article V and Chapter 17085, does not operate to *continue*

offices that are permanently established and have not been discontinued; but it is a recognition that the office remain as theretofore established.

Section 14 of Article XVI provides that "all State, county, and municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified." This *organic* provision, first adopted in 1885, prescribes a duty as well as a substantial right of an incumbent at the expiration of his official term to continue in office until his successor is "duly qualified." Its purpose is to prevent a vacancy in office except in classes of cases or for causes as may be provided by law. There is no provision of law that an office "shall become vacant" or "shall be deemed vacant" because of an expiration of an official term when the successor to the incumbent has not been elected or appointed by the mode provided by law for filling the office. And a legal vacancy for that cause cannot be implied or inferred from any provisions of the written law, even if such a provision is not completely negatived as to the offices of Circuit Judges by the organic provisions that "Circuit Judges shall be appointed by the Governor and confirmed by the Senate," and that all State officers "shall continue in office after the expiration of their official terms until their successors shall be duly qualified." An Executive appointment of a Circuit Judge is the exercise by the Governor of a power appertaining to the Judicial Department; and such power must be expressly *provided* for and strictly followed to preserve the required separation and relationship of the powers of government. Article II of the Constitution.

The words "duly qualified" as used include more than the giving of bond or taking the oath of office. There must be a legal appointment or a legal election to give title to

the office before an officer can be "duly qualified" to assume the office.

An officer cannot be "duly qualified" as a successor in office unless he has been legally elected or appointed, therefore the words, "duly qualified," as used in Section 14 of Article XVI of the Constitution mean duly elected or appointed and qualified. Where the law creating an office does not authorize it to be filled by Executive appointment, the Governor is authorized to appoint to the office only when there is an actual or a duly declared vacancy in the office and there is no other mode provided for filling the vacancy.

The statute authorizes an Executive appointment to fill a declared vacancy in an office that has been created or continued, and not filled by the mode provided for filling such office; but the statute does not authorize an Executive appointment to fill an office as for a vacancy therein when a term of an office expires and a successor to the incumbent has not been elected or appointed and confirmed, as may be required for filling regular terms in the office. This is consistent with the operation of Section 14 of Article XVI of the Constitution providing that the incumbent "shall continue in office" after the expiration of his term until his successor is "duly qualified." Where under the Constitution an officer continues in office after the expiration of his official term, he *continues* as a *de jure* officer subject to the successor in office becoming "duly qualified."

If a statute expressly provides that upon the expiration of an official term when a successor to the incumbent has not been duly elected or appointed and confirmed as may be required by law for filling the office, the office shall be deemed vacant, or that in such case the office may be filled by Executive appointment, a successor could be duly qualified to hold the office under an expressly authorized Ex-

ecutive appointment; and Section 14 of Article XVI would not authorize the incumbent to continue in office after the legally appointed successor is duly qualified. An incumbent who under Section 14 of Article XVI "shall continue in office," is a *de jure* officer subject to be superseded by a "duly qualified" successor, that is, a successor who is legally elected or appointed and qualified.

The words, "duly qualified," as used in Section 14 of Article XVI, have relation to matters that may legally pre-vent successors from becoming "duly qualified" to fill the office; and the organic command that the incumbent "shall continue in office" after the expiration of his official term until his successor is "duly qualified;" as well as Section 7 of Article V, contemplates that vacancies in office shall be defined by law and that appointments to fill vacancies in office shall be *expressly provided for* by law. And the law expressly provides that executive appointments to fill va-cancies in elective offices shall be until the election and qual-ification of a successor at the next general election, or if an office is to be filled by appointment and confirmation, until the end of the next session of the Senate, or for the remainder of the term if the term ends before the next elec-tion or before the next session of the Senate. These provi-sions are limitations *upon the term* for which an Executive appointment may be made *in favor of* elections and of ap-pointments with Senate confirmations.

Considered with the organic and statutory provisions for choosing officers for full terms and to fill vacancies in of-fice, the words, "duly qualified," as used in Section 14 of Article XVI of the Constitution of 1885, mean qualified in the manner provided by the law *after* an election or an appointment and confirmation according to the mode by which the particular officer is to be chosen and commis-

sioned under the law applicable in the case. An officer can become "duly qualified" under an Executive appointment (1) when such appointment is expressly authorized by law for filling the office, or (2) when an actual vacancy in the office exists, or when a vacancy in office is duly declared by statute to exist, for some cause stated in the Constitution or statutes and no other mode is provided by law for filling such vacancy. Secs 7, 15, 16, Art. IV; Sec. 34, Art. III; Sec. 27 of Art. III; Sec. 7, Art. VIII; Secs. 461-464 C. G. L.

Sec. 14 of Article XVI of the Constitution does not operate to prevent an Executive appointee from becoming duly qualified to fill an office after the expiration of the incumbent's official term, where the office is actually vacant, or is by law declared to be "deemed vacant," or to have "become vacant," or when the Executive appointment to fill the office is expressly authorized by law. Secs. 7, 15, 16, Art. IV; Sec. 7, Art. VIII; Secs. 27, 34, Art. III, Constitution. Secs. 461-464, 2421 C. G. L.

. Where the law is duly complied with in making Executive appointments to fill offices or to fill vacancies in office, and the appointees comply with the provisions ol law regulating the issue of commissions to officers, such Executive appointees may be "duly qualified" as successors to the incumbents where there is no question duly prosecuted as to the eligibility of the appointees. In such case Section 14 of Article XVI is not intended to be applicable after the appointee is "duly qualified."

In view of all the related provisions of the Constitution and of the manifest intent of the organic law, the words of Section 14 of Article XVI, that an officer *shall continue in office* after the expiration of his official term until his successor is *duly qualified,* have the same meaning and effect

as if the words had been "until his successor is *elected* or *appointed and qualified."*

A Circuit Judge may become duly qualified under an Executive appointment without confirmation where such authority to appoint is conferred by the law, as where the office is created and is *vacant* because it has never been filled, or where there is *an actual* or a prescribed statutory vacancy in the office, or where an Executive appointment is expressly authorized as in Section 34 of Article III. See Sec. 7, Art. IV; Sec. 5, Art. XVIII; Sec. 33, Art. V; Secs. 461-464 C. G. L.

In State, *ex rel.,* v. Murphy, 32 Fla. 138, 13 So. 705, the incumbents of the offices were county administrative officers who were subject to suspension from office by the Governor. The Governor appointed successors to the incumbents but the Senate failed to act upon the appointments as made.

In this case the office is a part of the Judicial Department and the Governor is not authorized to appoint and commission a Circuit Judge without confirmation by the Senate, except to fill a vacancy when the Senate is not in session; and as the expiration of an official term does not under the law cause the office of a Circuit Judge to be deemed vacant or to become vacant, and as the office cannot be actually vacant while the incumbent continues in office under the command of the Constitution, an Executive appointment of a Circuit Judge is not authorized by law; and until there is an authorized appointment, the appointee cannot become "duly qualified." See Art. II, Constitution, and Rathburn v. United States, 55 Sup. Ct. 869, 79 L. Ed. ___.

Prior to the adoption on November 6, 1934, of Section 45 of Article V of the Constitution, there were in the State,

*twenty-eight* Judicial Circuits with one Circuit Judge assigned to each Circuit, and in some Circuits there were one or more Additional Circuit Judges under Section 43 of Article V.

Section 45, Article V, of the Constitution adopted in November, 1934, provides that:

"(a)   There shall be no more than fifteen Judicial Circuits of the State of Florida to be appropriately designated, numbered and defined by a suitable law enacted by the legislature for that purpose in accordance with the amendment; provided that no Judicial Circuit as defined by law hereunder shall embrace less than fifty thousand inhabitants according to the last preceding State or Federal census; and provided further, that no Judicial Circuit existing at the time of the ratification of this amendment shall be effected, altered or abolished, except in the manner provided in this amendment for carrying the same into execution, nor shall any existing Circuit Judge or State Attorney be disturbed in the tenure of his office until the expiration of any commission held by him on the date this amendment is ratified.

"(b)   It shall be the duty of the Legislature at its next regular session after the amendment shall have been ratified, to pass suitable laws to carry this amendment into effect, and to make effective the reapportionment and reduction of judicial circuits and Circuit Judges hereby contemplated.

"(c)   There shall be one Circuit Judge to each Judicial Circuit but additional Circuit Judges for a Judicial Circuit may be provided by law as authorized by Section 43, of amended Article V of this Constitution, but the total number of Circuit Judges apportioned to any Judicial Circuit shall not exceed one Circuit Judge for every fifty thousand

inhabitants, or major fraction theerof, after this amendment shall have been put into effect.

"(d)   In Circuits having more than one Judge the Legislature may designate the place of residence of any additional Judge or Judges.

"(e)   The reapportionment of Circuits and Judges thereof hereby provided for shall become effective sixty days after the Act providing for same shall become a law."

The main purpose of Section 45, Article V, of the Constitution was to require "the reapportionment and reduction of Judicial Circuits and Circuit Judges"; the intent being that the number of the offices of Circuit Judges as reduced should remain as theretofore created and then existing. Section 45, Article V, does not repeal but does modify provisions of Sections 8, 35 and 43, Article V; and Section 45 co-ordinates with such Sections 8, 35 and 43 as modified. See Bd. Pub. Inst. v. Bd. Com'rs, 58 Fla. 391, 50 So. 534.

Pursuant to the above quoted organic Section 45, Chapter 17085, Acts of 1935, called Senate Bill No. 4, approved May 31, 1935, enacts:

"Section 1.   That there shall be Fifteen Judicial Circuits in this State, of not less than 50,000 inhabitants according to the State census of 1935, and the county or counties composing each and the number of Circuit Judges therein, respectively, shall be as follows: * * * 'Sixth Circuit: Composed of Pinellas and Pasco and shall have two Circuit Judges.'

"Section 3.   The Circuit Judges holding office at the time of the ratification at the general election of 1934 of the amendment to Section 45 of Article V of the Florida Constitution, shall severally continue in office and exercise jurisdiction until their then existing term or terms of office

as Judge or Judges of the Circuits respectively in which the county of their resident may be included.

"Section 6. This Act and all appointments under this Act shall take effect sixty days after the same becomes a law, as provided under the said Amendment of Section 45 of Article V, Constitution of Florida; Provided that no Circuit Judge shall be appointed to any vacancy or to any term of office except as authorized under the provisions of said Section 45 of Article V of the Constitution and this Act."

Section 45, Article V, Constitution, and Senate Bill No. 4, Chapter 17085, Laws of Florida, approved May 31, 1935, in substance and legal effect provide or contemplate that there shall be only fifteen Judicial Circuits, each Circuit embracing not less than fifty thousand inhabitants; that there shall be one Circuit Judge for each Judicial Circuit; that one Additional Circuit Judge may by statute be provided for in Judicial Circuits for each additional fifty thousand inhabitants or a major fraction thereof; that *the offices* of one Judge for each Judicial Circuit and of the number of Additional Circuit Judges as apportioned in the Circuits by the statute under the organic section, shall remain in existence; that any existing Circuit Judge in a Judicial Circuit may be appointed or reappointed Judge of the Judicial Circuit or additional Circuit Judge in the Circuit to make the required number of Judges in the Circuit; that upon the statute *becoming a law,* there shall be duly appointed and confirmed the authorized number of Circuit Judges for each Judicial Circuit; that the appointments of Circuit Judges apportioned by the statute shall be for cycle terms of six years; to begin sixty days after the statute becomes a law, such date being July 30, 1935, the Act being approved by the Governor, May 31, 1935, thereby

*then becoming a law.* Advisory Opinion to the Governor, 120 Fla. 142, 162 So. 346; That Circuit Judges in office when Section 45 of Article V of the Constitution was adopted at the general election held November 6, 1934, and who are not appointed or reappointed Circuit Judges among the reapportioned Circuit Judges, shall not be disturbed in the tenure of their offices respectively until the end of their respective terms of office; and Section 45, Article V, and the statute contemplate that if in any Judicial Circuit the apportioned number of Circuit Judges are not duly appointed by the Governor and confirmed by the Senate at the session of the Legislature when the Act *becomes a law,* the Circuit Judges in any of the Circuits who were in office in such Circuits when Section 45, Article V of the Constitution was adopted or ratified at the general election held November 6, 1934, shall continue in office in the Circuit until the reapportioned number of Circuit Judges shall be duly qualified in such Circuits; and that if any of the Circuit Judges in commission on November 6, 1934, are not reappointed and confirmed as Circuit Judges reapportioned and appointed and confirmed under Section 45, Article V, and the statute enacted thereunder, they shall remain Circuit Judges until the end of the terms of their respective offices, unless such offices become vacant by some means recognized by the law before the end of the terms respectively.

The statute, Senate Bill No. 4, Chapter 17085, Laws of Florida, approved May 31, 1935, provided for one additional Circuit Judge in the fourth Judicial Circuit more than the number of Additional Circuit Judges that were in the Circuit prior thereto. Such added Circuit Judge is authorized by Sections 43 and 45, Article V, of the Constitution, and the statute intended that such added Circuit Judge should

be appointed and confirmed under Section 8, Article V, for a cycle term of six years to begin on the same day that other appointments under the Acts do; i. e. July 30, 1935.

In view of the express commands *of the Constitution* that Circuit Judges shall be appointed by the Governor and confirmed by the Senate, and that all State officers shall continue in office after the expiration of their official terms until their successors are duly qualified, and in consideration of the provisions of Section 7, Article IV, of the Constitution, and Sections 461 (396) - 464 (399) C. G. L., that the Governor alone may appoint officers to *fill vacancies* in office, and that appointments to fill vacancies in the offices which require confirmation by the Senate, shall be by the Governor to hold until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed; and as an Executive appointment of a Circuit Judge is the exercise of power "appertaining" to the Judicial Department, which is expressly delegated and may be exercised only as is expressly provided for by controlling law; and as there is no statutory or other law declaring an office to be deemed vacant or to become vacant after the failure to appoint or to confirm a successor to an office when the Senate was in session, or upon the mere expiration of the official term of the incumbent whose appointment, except to fill a vacancy when the Senate is not in session, is required to be confirmed by the Senate; and as Circuit Judges are subject to impeachment and not to Executive suspension, the manifest intent of the applicable organic and statutory provisions is that the mere expiration of the term of office of a Circuit Judge who has been duly appointed and confirmed and who under the Constitution "shall continue in office" after the expiration of his official term until his successor is "duly qualified," does not create a vacancy in

the office of Circuit Judge, where the incumbent is in office when the term expires and continues in office after the expiration of his official term, and an appointment of a successor to such Circuit Judge has not been made and confirmed, and the office has not in fact become *actually* vacant or is not declared by law to become vacant. An Executive appointment of a Circuit Judge to fill a vacancy in office is the exercise of a power *"appertaining"* to the Judicial Department, and the occasions for the exercise of the particular power must be expressly *provided* for by the Constitution." Art. II, Constitution.

This is so because the office is Judicial and when created was required to be filled and was filled by an appointment by the Governor and a confirmation by the Senate, with a command to the incumbent given *by the Constitution to continue in office* after the expiration of the term until his *successor* is *duly* qualified; and, *unless it becomes vacant,* the Governor cannot fill the office of Circuit Judge by appointment without confirmation; and as neither the Constitution nor the statutes provide that an office shall become vacant upon a failure to appoint or to confirm a successor to the incumbent, or upon the expiration of the incumbent's official term, the mere expiration of the official term of a Circuit Judge does not cause a vacancy in the office which the Governor alone may fill, when the Senate is not in session, so that the appointee may legally secure the office as against the incumbent who under the Constitution, "shall continue in office" until his successor is *duly* qualified, where the incumbent has been confirmed, unless the appointee is appointed to *fill a vacancy* in the office. There is no vacancy in the office of Circuit Judge while the incumbent continues in office after the expiration of his official term, until his successor is appointed and confirmed as the incumbent was,

the office not having otherwise become vacant or by statute "deemed vacant." Under the Constitution Circuit Judges are a part of the Judicial Department, while the Governor is the "Chief Magistrate" of the Executive Department in whom the Supreme Executive power of the State is vested, and he can exercise no power "appertaining to" the Judicial Department "except in cases expressly *provided for* by the Constitution." Art. II, Constitution.

The intendment of the Constitution is that an Executive appointment of a Circuit Judge must be confirmed by the Senate before the appointee can hold the office as against the incumbent who has been confirmed for the expired term and who continues in the office after the expiration of his term by virtue of Section 14, Article XVI of the Constitution. Where an additional Circuit Judge may be provided for under Section 43, Article V, of the Constitution, the Governor may make the first appointment without the confirmation of the Senate under the statutes creating the office and under paragraph 6, Section 461 (396) C. G. L., when the Senate is not in session. Advisory Opinion, 101 Fla. 1510, 136 So. 623.

In this case no appointment for a successor to Judge John U. Bird, the Judge of the Sixth Judicial Circuit, was transmitted to, or confirmed by, the Senate at the regular session in April and May, 1935, and the mere expiration of the term in June, 1935, does not under the law create a vacancy in the office of Circuit Judge which can be filled by Executive appointment; therefore the incumbent continues in office after the expiration of his official term in June, 1935, until his successor is duly qualified to take the oath of office for the remainder of six year term from July 30, 1935, after an appointment by the Governor and confirma-

tion by the Senate, or to fill a vacancy in the office upon an Executive appointment.

The office held by Judge Bird remains in existence as it was before Section 45, Article V, was adopted, and before Chapter 17085, Senate Bill No. 4, was enacted; and as Judge Bird's term of office ended in June, 1935, and as a successor to him in that office has not been appointed and confirmed; and therefore cannot become "duly qualified" as a successor to Judge Bird, he, as incumbent, may continue in office until his successor is duly qualified, even though the statute enacted to make Section 45, Article V, effective, did not *go into effect* until July 30, 1935. It *became a law* May 31, 1935, when the Legislature was in session, and an appointment and confirmation were authorized under the statute, the appointment to *take effect* sixty days after the act *became law.* No appointment and confirmation of a successor as contemplated by the organic provisions and the statutes have been made, so Judge Bird is continued in office by Section 14, Article XVI, from the expiration of his term in June, 1935, until his successor is duly qualified or until the office becomes vacant in fact or is "deemed vacant" from one of the causes stated in the written law.

One effect of Section 14, Article XVI, considered with Section 5, Article V, adopted November, 1934, and Chapter 17085, Acts of 1935, Senate Bill No. 4, approved May 31, 1935, was to extend the then current terms of Judges of the Judicial Circuits until "sixty days after the Act providing for" for the "reappointment of Circuits and Judges thereof" "shall have become a law," paragraph "e," Section 45, Article V, which date is July 30, 1935.

As during the 1935 session of the Legislature there was no appointment by the Governor and confirmation by the Senate of a Judge of the Sixth Judicial Circuit as contem-

plated by Section 45, Article V, of the Constitution, adopted in November, 1934, and as contemplated by Chapter 17085, Acts of 1935, for the term beginning July 30, 1935, and as the then incumbent of the office of Judge of the Sixth Judicial Circuit had been appointed by the Governor and confirmed by the Senate for the term ending June, 1935, Section 14 of Article XVI of the Constitution in legal effect provides that such Judge "shall continue in office" after the expiration of his official term until his successor is "duly qualified." And while he so continues in office and the office does not "become vacant," a successor to such Judge can be duly qualified only after being appointed by the Governor and confirmed by the Senate. If a *vacancy occurs* in the office, the Governor, under the provisions of the Constitution and the statutes may fill such vacancy by appointment until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed and consented to by the Senate, Section 7, Article IV, Constitution, Section 464 (399) C. G. L., or if a vacancy occurs in the office between a session of the Senate and the end of the term of the office, the Governor may "fill such vacancy by granting a commission for the unexpired term" under Section 7, Article IV of the Constitution.

On August 21, 1935, there was in existence in the Sixth Judicial Circuit an office of additional Circuit Judge which had become vacant by the long previous resignation of Judge O. L. Dayton.

The commission issued to Judge Viney on August 21, 1934, was as Additional Circuit Judge of the Sixth Judicial Circuit to fill a vacancy in the office from that date until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed by the Senate, Section 7, Article IV; Section 464 (399) C. G. L. Judge

Viney was in commission as Additional Circuit Judge when Section 45 of Article V of the Constitution was adopted November 6, 1934; and under Section 45, Article V of the Constitution he "shall not be disturbed in the tenure of his office until the expiration of his commission," paragraph (a), Section 45, Article V, of the Constitution, adopted November 6, 1934; and under Section 3, Senate Bill No. 4, Chapter 17085, Acts of 1935, shall continue in office for the remainder of the then existing term of office. These provisions preserved the current term of the office of Additional Circuit Judge in the Sixth Judicial Circuit *to the incumbent* to the end of the term unless the incumbent should resign or the office otherwise become vacant. Judge Viney did resign as Additional Circuit Judge but such resignation was in law as well as in fact contingent upon receiving an appointment as Judge of the Sixth Judicial Circuit as successor to Judge Bird. As the appointment he did receive was not effective because his appointment had not been confirmed and there was no actual or duly declared vacancy in the office of Judge of the Sixth Judicial Circuit, his resignation as Additional Circuit Judge was not effective. He therefore may continue in office as Additional Circuit Judge of the Sixth Judicial Circuit under Section 45 of Article V, and Chapter 17085, until the end of the term into which he was appointed on August 21, 1934, unless he is duly appointed a Circuit Judge under Section 45 of Article V and Chapter 17085 or unless he in some way relinquishes his right to the office or the office otherwise becomes vacant. The office of Additional Circuit Judge of the Sixth Judicial Circuit which was held by Judge O. L. Dayton continues, though Judge Dayton had resigned therefrom; and the office had not been discontinued when Judge Viney was appointed to fill the vacancy in the office caused

by the resignation of Judge Dayton. If such office becomes vacant or the current term expires, that office will be discontinued because of the operation of Section 45, Article V, and Chapter 17085, Laws of 1935. The law and not Judge Viney's commissions control in determining his term in office. State, *ex rel.*, v. Amos, 101 Fla. 114, 133 So. 623; State, *ex rel.*, v. Collins, 101 Fla. 370, 134 So. 595.

Under Section 45, Article V, and Chapter 17085, Circuit Judge T. Frank Hobson, who on November 6, 1934, held a commission as Additional Circuit Judge of the Sixth Judicial Circuit, continues in office, unless the office becomes vacant in fact or in law, until the expiration of his present term, if he is not appointed and confirmed a Judge of the Sixth Judicial Circuit under Section 45, Article V, and Chapter 17085, for the remainder of the current term of six years from July 30, 1935, as was done in the first Judicial Circuit under similar circumstances. *In re* Advisory Opinion to the Governor, 120 Fla. 142, 162 So. 346.

Judgment of ouster denied.

TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.