STATE, *ex rel.* CARY D. LANDIS, Attorney General, v. ULY O. THOMPSON.

170 So. 464.
Opinion Filed October 16, 1936.
Rehearing Denied November 17, 1936.

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, *Cockrell & Cockrell, Francis P. Fleming, E. J. L'Engle, L. R. Milton, P. H. Odom, H. T. Cook, Hull, Landis & Whitehair* and *MacWilliams & Upchurch,* for Relator;

*James M. Carson, D. H. Redfearn, R. H. Ferrell, Thomas H. Anderson, H. H. Eyles* and *E. F. P. Brigham,* for Respondent.

### STATEMENT.

The second amendment to the return of the respondent contains the following allegations to which the opinion of the Court relates:

"8.

"Respondent alleges that a judgment of ouster should not be issued against him, for the reason that Senate Bill No. 4, now known as Chapter 17085 of the General Laws

of Florida of 1935, was not in fact passed by the House and Senate and its enactment fully completed before the legislative day of May 31, 1935, had run its course under the limitations of Section 2 of Article III of the Constitution, in that said bill was not in fact passed, enrolled, and signed by 'the presiding officers of the respective Houses and by the Secretary of the Senate and the Clerk of the House of Representatives' while said Legislature was legally in session, as required by Article III, Section 17, of the Constitution of Florida.

"Respondent further alleges that the members in attendance upon the Legislature of the State of Florida upon the 31st day of May, 1935, illegally designing to extend the session of the Legislature of the State of Florida beyond the limit of sixty days as provided by the Constitution, had prior to the 31st day of May, 1935, duly adopted a joint resolution in the words and figures following:

" 'House Concurrent Resolution No. 26. Providing for the adjournment of the present Regular Session of the Legislature *sine die*.

" '*Whereas*, the present session of the Legislature expires by Constitutional Limitation on Friday, May 31st, 1935, it is necessary that a fixed hour be appointed by the House of Representatives and the Senate for the adjournment of said session of the Legislature *sine die*, therefore,

" 'BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES, THE SENATE CONCURRING:

" 'That the 1935 regular session of the Florida Legislature shall be adjourned *sine die* at twelve o'clock (12) noon on Friday, May 31st, A. D. 1935.'

"And thereafter knowingly refrained from moving to repeal said joint resolution and from moving for the adjournment of the session of said Legislature on said date until

shortly after midnight of June 1, 1935, and thereafter, without protest, knowingly reconvened said Legislature and continued to participate in the conduct of supposed legislative business of a general character and then pending before such legislative body for a period of approximately 28 hours after twelve o'clock midnight of May 31, 1935; that said Legislature, in pursuance of such illegal acts and as a means of carrying same into effect, adopted the subterfuge of stopping the clocks of the House and Senate at the hour of twelve o'clock noon of May 31, 1935, or shortly before that time, and thereby extend the legislative day of May 31, 1935, indefinitely and causing the said journals of the House and Senate to omit to show the adjournment of said House and Senate shortly after midnight of May 31, 1935, while in fact and in truth said Legislature attempted to remain in session trying to conduct legislative business as if legally in session until approximately four o'clock Sunday morning, June 2, 1935, which is approximately 28 hours after midnight of May 31, 1936; that said facts are matters of general knowledge, of which this Court should take cognizance; that the journals of the House and Senate were so falsified in pursuance of said acts of said members of the Legislature in an effort to extend the session of the Legislature beyond the time limit fixed by the Constitution; that on and after the hour of twelve o'clock noon said joint resolution aforesaid became effective, and after midnight of the 31st day of May, 1935, or a few minutes thereafter, by reason of said adjournment, the said Legislature was not in session legally for any purpose, and the purported records of the House and Senate of proceedings had after such time are not the records of the Legislature of the State of Florida, but are only the purported records of an aggregation of individuals, and are without force and effect in law.

"And this respondent alleges the following facts to be true: That prior to the 31st day of May, 1935, the said House and Senate had duly passed a joint resolution as hereinbefore alleged, providing for the adjournment of said session of the Legislature at twelve o'clock noon of May 31, 1935; that said Legislature remained in session up to the said hour of twelve o'clock noon of the said 31st day of May, 1935, without in any way repealing or rescinding said joint resolution, and that the same was in full force and effect at twelve o'clock noon of said date; that thereafter the said Senate duly considered and passed said Senate Bill No. 4, and duly referred the same to its engrossing committee, and duly advised the House that it had passed said bill as amended. That thereafter, about the hour of 12:20 A. M. of June 1, 1935, the said House and Senate, respectively, then purporting to be in session, upon motions duly made, seconded and carried in said Senate and House, took a recess until the hour of 9:30 A. M. of said June 1, 1935; that thereafter the said House and Senate, respectively, at about the hour of 9:30 A. M. of said June 1, 1935, purported to reconvene in session in accordance with the rules of said House and Senate, and that thereafter the respective reports of the engrossing committees of the House and Senate were duly submitted, and in accordance with the rules of said House and Senate duly accepted and approved. That thereafter said Senate Bill, on said 1st day of June, 1935, was by said House and Senate, respectively, in accordance with their respective rules of procedure, duly referred to the joint enrolling committee of said House and Senate; that thereafter the joint enrolling committee of said House and Senate duly filed their report with the said House and Senate that said bill was properly enrolled, and said report was thereafter, upon motion and vote of the

said House and Senate, respectively, duly adopted and approved, and respectively the respective President and Secretary of the Senate and the Speaker and Clerk of the House were authorized and empowered to sign the same, and to transmit the same to the Governor of the State of Florida for his consideration. That thereafter, on said 1st day of June, 1935, said Senate Bill No. 4 was duly presented to the Governor of the State of Florida, who thereupon, on said 1st day of June, 1935, as of the legislative date of May 31, 1935, and because only the said Legislature had attempted to extend the legislative day of May 31, 1935, up to said time, and was still purporting to be legally in session, duly signed said bill, dating same May 31, 1935, and under said date of May 31st duly transmitted the same to the Secretary of State. That thereafter the said Senate of the State of Florida, purporting to be still in session as of the legislative day of May 31, 1935, the said Governor of the State of Florida duly submitted to the said Senate of the State of Florida the names of various and sundry persons by him that day, to-wit, June 1, 1935, appointed as Judges of the Circuit Courts of the State of Florida in pursuance of the offices created by the said Senate Bill No. 4, dating said appointments as of the legislative day of May 31, 1935.

"That by reason of the facts alleged, this petitioner alleges that the Legislature of the State of Florida, upon its adjournment shortly after midnight of June 1, 1935, became *functus officio* for all purposes as of such time, and was thereafter legally disqualified from reconvening and performing any duties whatever, but nevertheless illegally purported to reconvene and thereafter purported to perform other than mere ministerial duties with reference to the passage of said Senate Bill No. 4 subsequent to the legal termination of the said session of 1935, and that if said

journals of the said House and Senate were respectively corrected to speak the truth, said journals would so show."

PER CURIAM.—Respondent, Uly O. Thompson, was one of the additional Circuit Judges of the Eleventh Judicial Circuit holding office pursuant to Chapter 9163, Acts of 1923, on the date (July 30, 1935) Senate Bill No. 4 (Chapter 17085, Acts 1935) became effective. He was not reappointed as Circuit Judge nor confirmed as such under Senate Bill No. 4.

According to respondent's commission, his term of office as additional Circuit Judge under authority of Chapter 9163, Acts of 1923, expired by limitation of the statutory term on June 6, 1935, but by reason of the provisions of the Constitution pertaining to holding over in office after expiration of the specified term, he became entitled to hold over as additional Circuit Judge until his successor should be duly appointed and qualified. See: State, *ex rel*. Landis, v. Bird, 120 Fla. 780, 163 Sou. Rep. 248.

But under Section 43 of Article V of the Constitution it was within the province of the Legislature to at any time repeal the Act under which respondent had been originally appointed and confirmed as Circuit Judge and was holding over, subject only to the condition that such repeal could not be made operative to "affect," that is to say, to cut off any unexpired term of office under the repealed Act short of the specified confirmed term of appointment, nor to "affect" the salary or jurisdiction of such a judge holding appointment as "additional" Circuit Judge under the Act so repealed, prior to the expiration of the six-year term of any outstanding appointment being held and enjoyed at the time of such repeal.

Chapter 17085 (Senate Bill No. 4), Acts 1935, affirmatively repealed Chapter 9163, Acts of 1923, under which

respondent had been appointed and was holding office as Circuit Judge when the repealing Act was passed. So respondent's term of office having expired and the repeal of the legislative Act under which he was holding having become effective on July 30, 1935, at a time when respondent had no unexpired term of office to serve, he was merely holding over as "additional" Circuit Judge so long as the law providing for such "additional" Circuit Judge should remain in force, which was until July 30, 1935, the date Chapter 17085, the repealing Act, became effective for the purposes of such repeal.

It follows then that if Chapter 17085, Acts 1935 (Senate Bill No. 4), is a valid law, it abolished, as it was authorized by Section 43 of Article V to do, the particular legislative Act (Chapter 9163, Acts of 1923), under which respondent Thompson was entitled to hold over in office as Circuit Judge. And so it was that from the date of its repeal on July 30, 1935, said Chapter 9163, Acts of 1923, had no force and effect, neither did respondent retain any right under that Act to continue to hold office. This is so, because the repeal of the Act creating the office effectually abolished the office respondent was holding, there being at the time of the repeal no unexpired portion of its specified term of office remaining to be enjoyed by respondent under his existing commission. This feature of the case serves to distinguish it from the case of State, *ex rel.* Landis, v. Bird, 120 Fla. 780, 163 Sou. Rep. 248, in which last cited case Judge Bird's office was that of Circuit Judge under Section 35 of Article V of the Constitution, and not that of "additional" Circuit Judge under Section 43 of Article V. Judge Bird's office of Circuit Judge of the Sixth Judicial Circuit was expressly recognized and continued by the precise terms of Chapter 17085 (Senate Bill No. 4).

To maintain his right to continue to exercise his functions as additional Circuit Judge under Chapter 9163, Acts 1923, under which Act respondent acquired title to his office, it is incumbent upon respondent to demonstrate the invalidity of Senate Bill No. 4 (Chapter 17085) as a repealer of Chapter 9163, Acts 1923. That burden respondent has failed to meet.

Giving *arguendo* full force and effect to all that is contended for by respondent respecting the alleged invalidity of Senate Bill No. 4 (Chapter 17085) the most that can be discerned from the substance of respondent's allegations is that while Senate Bill No. 4 undoubtedly passed both Houses of the Legislature during its constitutional session of sixty days, it was not enrolled, signed by the legislative officers, presented to the Governor, nor signed by him, on May 31, 1935, as on the face of the enrolled bill is certified to be the case. That such alleged state of facts set up by respondent is insufficient to demonstrate the invalidity of Senate Bill No. 4, absent some further showing that the involved bill was not actually passed by the Legislature during its sixty days regular session, is established by our recent decision in State, *ex rel.* Cunningham, v. Davis, 122 Fla. 700, 166 Sou. Rep. 574. See also: State, *ex rel.* Thompson, v. Davis, 122 Fla. 425, 165 Sou. Rep. 379.

The allegation that the Legislature took a short recess after the lapse of its sixty days session but before its actual dissolution by *sine die* adjournment on June 2, 1935, if true, is insufficient to show that the Legislature became *functus officio* prior to the time the authentication of Senate Bill No. 4 was completed within the rule of State, *ex rel.* Thompson, v. Davis, *supra*. The "recess" of a parliamentary assembly is interlocutory and not final in character. It marks an interval of suspension of business only during a sitting

and is not the equivalent of an adjournment or dissolution of the sitting at which it is taken. A legislative day can only be terminated by an adjournment or some actual dispersing of the assembled membership amounting to the same thing. On the other hand, a "recess" operates to continue the assembly in session pursuant to its original convocation but with the interposition of an interval in its program of parliamentary business during which the membership must remain within call of the presiding officers and are not permitted to disperse but are required to remain available to be called to order for resumption of parliamentary business when the period agreed upon for the recess has expired.

So the allegation that the Legislature took a recess during its sixtieth legislative day but without dispersal of its membership amounting to a dissolution and consequent adjournment of its assembly as a legislative body, does not alter the application of the rule laid down in State, *ex rel.* Cunningham, v. Davis, 122 Fla. 700, 166 Sou. Rep. 574, with reference to the continued authority of the Legislature to authenticate its official actions before *sine die* adjournment.

Without a showing that Senate Bill No. 4 was passed after the sixty days regular legislative session constitutionally expired at midnight on the calendar day of May 31, 1935, the respondent's pleading is insufficient and the motion for judgment of ouster must be granted unless respondent shall amend within ten days in a manner not inconsistent with this and the prior opinions of this Court in this case. See State, *ex rel.* Landis, v. Thompson, 120 Fla. 860, 163 Sou. Rep. 270; State, *ex rel.* Landis, v. Thompson, 121 Fla. 561, 164 Sou. Rep. 192.

Order entered in accordance with opinion.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., and BROWN, J., dissent.