State *ex rel.* George Couper Gibbs, as Attorney General, v. J. C. Rogers, Respondent, William C. Norvell, Jr., Claimant.

193 So. 435
Opinion Filed January 5, 1940
Rehearing Denied February 9, 1940

*George Couper Gibbs,* Attorney General, for Relator;

*W. B. Dickenson, L. Y. Douglas* and *Kelly & Casler,* for Respondent;

*Pat Whitaker, E. A. Bosarge,* and *H. E. Oxford,* for Claimant;

*W. W. Whitehurst, A. R. Carver, R. B. Huffaker* and *F. T. Haskins,* as *Amici Curiae.*

WHITFIELD, J.—An information in quo warranto in effect alleges that the Hon. J. C. Rogers was appointed by the Governor, confirmed by the Senate and commissioned to be Assistant State Attorney for the Tenth Judicial Circuit of Florida from June 4, 1937, to July 31, 1939; that during the 1939 Session of the Legislature the Governor nominated to the Senate Hon. William C. Norvell, Jr., for confirmation for said office, but the Senate adjourned *sine die* without confirmation or any other action on the nomination; that on June 8, 1939, after said adjournment of the Senate, the Governor appointed and commissioned Hon. William C. Norvell, Jr., to be Assistant State Attorney for the Tenth Judicial Circuit for the period from July 31, 1939, until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed by the Senate; "that the said J. C. Rogers, after entering upon and performing the duties of the said office by authority of his said appointment and confirmation, and after his said term of office has expired, and not having been suspended from said office by any authority, has continued in the said office and is now exercising the functions, duties, prerogatives, rights and privileges of Assistant State Attorney in and for the Tenth Judicial Circuit of Florida, claiming, as your relator is advised and believes, to be the only qualified and acting Assistant State Attorney in and for the Tenth Judicial Circuit of Florida; and that the said William C. Norvell,

Jr., as your relator is advised and believes, acting by authority of his above named and described commission issued to him, as aforesaid, is claiming to be the Assistant State Attorney in and for the Tenth Judicial Circuit of Florida, and is now exercising the functions of the said office by performing the duties, prerogatives, rights and privileges thereof, claiming, as your relator is advised and believes, to be the only qualified and acting Assistant State Attorney in and for the Tenth Judicial Circuit of Florida.

"WHEREUPON, the said Attorney General for the State of Florida in the name and by the authority thereof, prays the consideration of this honorable Court in the premises and due process of law in this behalf, directed J. C. Rogers and William C. Norvell, Jr., to answer to the said State by what warrant or authority of law they claim to exercise the said office of Assistant State Attorney in and for the Tenth Judicial Circuit of Florida in the manner informed above set forth."

Writ of quo warranto was issued against both defendants. Returns were made and the facts are not in dispute.

The question is the right of Mr. Rogers to continue in office under Section 14, Article XVI of the Constitution, after his term has expired, when the Governor has, pursuant to Section 7, Article IV, Constitution, and Sections 461 (396), 464 (399), C. G. L., appointed and commissioned a successor for a term beginning at the expiration of the term to which Mr. Rogers had been appointed and confirmed.

The Constitution of Florida contains the following:

"The Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitu-

tion, and fix by law their duties and compensation." Sec. 27, Art. III.

"All State, county and municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified." Sec. 14, Art. XVI.

Chapter 16784, Acts of 1935, approved June 1, 1935, provides that it shall be the duty of the Governor "by and with the consent of the Senate to appoint Assistant State Attorneys."

Pursuant to the above statute, Hon. J. C. Rogers was appointed by the Governor and confirmed by the Senate and commissioned as Assistant State Attorney for the period from June 4, 1937, to July 31, 1939.

At the 1939 session of the Legislature the Governor nominated to the Senate for confirmation Hon. William C. Norvill, Jr., to be Assistant State Attorney for the Tenth Judicial Circuit. The Senate did not act upon the Governor's appointment, and after the adjournment of the Legislature the Governor appointed and commissioned Hon. William C. Norvell, Jr., to be such Assistant State Attorney from July 31, 1939, until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed.

Commissions are issued to all officers signed by the Governor and countersigned by the Secretary of State under the Great Seal of the State. Sec. 14, Art. IV, Constitution; Secs. 459 (394), *et seq.,* C. G. L.

Vacancies in office are not defined generally in the Constitution; but Section 7, Article IV, provides:

"When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commis-

sion for the unexpired term." See also Sec. 15, Art. IV; Sec. 34, Art. III.

This organic section refers to statutes relating to filling vacancies in office. See Simonton v. State, 44 Fla. 289, 31 So. 821.

Sections 461 (396), 464 (399) C. G. L. provide that: "Every office shall be deemed vacant in the following cases," (enumerating ten classes of cases) and that "In all such cases, and in all other cases in which a vacancy may occur, if the office be a State, district or county office (other than a member or officer of the Legislature), it shall be the duty of the Governor to fill such office by appointment, and the person so appointed shall be entitled to take and hold such office until the same shall be filled by an election as provided by law, and in cases requiring the confirmation or the advice and consent of the Senate, the person so appointed may hold until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed and consented to by the Senate."

The statute does not expressly make an office become vacant at the expiration of a term, and the Constitution provides that all State, county and municipal officers shall continue in office until their successors are duly qualified. However, the organic provision for continuing in office "until their successors are duly qualified," contemplates an election or an appointment to fill all offices when the term of the incumbent expires. See Secs. 6, 7, 9, Art. XVIII; Sec. 7, Art. IV.

Failure of the Senate to act upon Executive nominations does not preclude Executive appointments to office in proper cases under the Constitution and laws of the State.

Under the original Section 5, Article VIII of the Constitution of 1885, and until the amendment of 1900, the

county commissioners of each county were "appointed by the Governor by and with the consent of the Senate." Their terms of office were two years.

In State *ex rel.* v. Murphy, 32 Fla. 138, 13 So. 705, the incumbent county commissioners had been appointed by the Governor by and with the consent of the Senate, for terms of two years from June 12, 1891. The Legislature had been in session but the Senate had not taken any action on the nominations by the Governor in 1893 as successors to the incumbents who had been appointed and confirmed in 1891. It was held that at the expiration of the two-year terms, when the Legislature was not in session, the Governor should, under Section 7, Article IV, *and the statute,* appoint and commission successors to the incumbent county commissioners, though such appointments had not been made "by and with the advice and consent of the Senate," and notwithstanding the provision of Section 14 of Article XVI.

In State *ex rel.* v. Bird and Viney, 120 Fla. 780, 163 So. 248, it was held that the Governor could not legally appoint a successor to a judge of a circuit court continuing in office at the expiration of his term of office, when such judge had been appointed by the Governor and confirmed by the Senate, and such successor had not been nominated to or confirmed by the Senate, though the Senate had been in session shortly before the expiration of the regular term of the incumbent. It was so held because of the operation of Section 14, Article XVI, where the office is that of a judge of a judicial circuit in whom *powers of a separate department of government,* independent of the Executive department, are vested under the Constitution. In the Murphy case, *supra,* the county commissioners were constitutional *administrative* officers subject to suspension by the Governor under Section 15, Article IV.

In this case the Assistant State Attorney is a *statutory* officer in the *Executive* department, who is subject to suspension by the Governor. When, under Section 7, Article IV, Constitution, and Section 464 (396) C. G. L., the Governor appoints and commissions a successor to the incumbent administrative officer for a term beginning at the expiration of the term of office of the incumbent, Section 14, Article XVI of the Constitution *does not require* the incumbent administrative officer to continue in office until his successor is duly qualified after appointment by the Governor *with the consent of the Senate;* and the statutory requirement in creating the office, that the officer shall be appointed by the Governor "by and with the consent of the Senate," does not prevent the Governor from making an appointment to the office at the expiration of the incumbent's term of office under Section 7, Article IV, and Section 464 (399) C. G. L. Section 14, Article XVI, is not applicable to administrative offices when the Governor has made an appointment to the office to be effective at the expiration of the term of the incumbent.

Section 15, Article IV, and other provisions of the Constitution give the Governor authority over officers that he does not have over those officers who are liable to impeachment under Section 29, Article III. The authority over officers not liable to impeachment conferred upon the Governor by Section 15, Article IV, enables him to perform his constitutional duty to "take care that the laws be faithfully executed." Sec. 6, Art. IV.

The appointee on June 8, 1939, has been "duly qualified" by Executive appointment and commission, even though such appointment was not made "with the consent of the Senate," and Hon. J. C. Rogers does not "continue in office" under Section 14, Article XVI, Constitution.

It is not necessary to determine in this case whether in creating statutory appointive offices the statute may legally provide that the officers shall be appointed by the Governor *"by and with the consent of the Senate,"* when Section 27 of Article III provides that such appointive officers shall be "appointed by the Governor."

Judgment will be rendered for the claimant under the Executive appointment of June 8, 1939.

BROWN and BUFORD, J. J., concur.

TERRELL and THOMAS, J. J., dissent.

CHAPMAN, J., disqualified.