ADVISORY OPINION TO GOVERNOR.

2 So. (2nd) 372

En Banc

Opinion Filed May 21, 1941

PER CURIAM.—

State of Florida
EXECUTIVE DEPARTMENT
Tallahassee
May 17, 1941

SPESSARD L. HOLLAND, Governor
Ralph H. Davis, Executive Secretary.

    HONORABLE ARMSTEAD BROWN, Chief Justice
    HONORABLE J. B. WHITFIELD
    HONORABLE GLENN TERRELL
    HONORABLE R. H. BUFORD
    HONORABLE R. H. CHAPMAN
    HONORABLE ELWYN THOMAS
    HONORABLE ALTO ADAMS
               Justices of the Supreme Court.

Gentlemen:

Under Section 13 of Article IV of the Constitution of Florida, I respectfully request your opinion in the question set forth below:

The Legislature of the State of Florida, in 1935, enacted Chapter 16784 by which the several offices of Assistant State Attorney were created. Pursuant to that legislative Act, the then Governor appointed, and the Senate confirmed Honorable J. C. Rogers, to be Assistant State Attorney for the Tenth Judicial Circuit of the State of Florida, from June 4, 1937, to July 31, 1939. During the 1939 session of the Legislature, the then Governor appointed to said office Honorable William C. Norvell, Jr., and submitted his name to the Senate for confirmation, but the Senate adjourned *sine die* without confirmation or any other action on the appointment. On June 8, 1939, after adjournment of the Senate the then Governor appointed and commissioned Mr. Norvell to be Assistant State At-

torney for the Tenth Judicial Circuit for the period from July 31, 1939, "until the end of the next ensuing session of the Senate, unless an appointment be sooner made and confirmed by the Senate."

THEREUPON, and after July 31, 1939, an original quo warranto proceeding in the Supreme Court of Florida by the State of Florida on the relation of George Couper Gibbs, as Attorney General, was instituted against J. C. Rogers, holding the office of Assistant State Attorney on behalf of William C. Norvell, Jr., as claimant to said office. This proceeding resulted in the determination by the Supreme Court that Mr. Norvell was the rightful holder of the office of Assistant State Attorney for the Tenth Judicial Circuit and judgment was rendered accordingly.

Subsequently, on June 12, 1940, another commission was issued based on an appointment by the then Governor, to Mr. Norvell as "Assistant State Attorney in and for the Tenth Judicial Circuit of the State of Florida, for a term of four years from the 31st day of July, A. D. 1939."

Under the facts and circumstances stated, is it the constitutional duty of the Governor during the 1941 session of the Florida Legislature to submit to the Senate an appointment for the office of Assistant State Attorney for the Tenth Judicial Circuit of the State of Florida for the unexpired balance of the term beginning July 31, 1939, and ending July 31, 1943?

Thanking you for giving me an advisory opinion on this question, and with much respect, I am,

Cordially yours,

SPESSARD L. HOLLAND,

SLH:ed Governor.

\* \* \* \*

IN THE SUPREME COURT OF FLORIDA
January Term, A. D. 1941
Tallahassee, Florida, May 20, 1941

HONORABLE SPESSARD L. HOLLAND,
Governor of Florida
Tallahassee, Florida

Dear Sir:

This advisory opinion is rendered to you under Section 13, Article IV, of the Florida Constitution, in response to your request of May 17, 1941, which is as follows:

"State of Florida
Executive Department
May 17, 1941

HONORABLE ARMSTEAD BROWN, Chief Justice
HONORABLE J. B. WHITFIELD
HONORABLE GLENN TERRELL
HONORABLE R. H. BUFORD
HONORABLE R. H. CHAPMAN
HONORABLE ELWYN THOMAS
HONORABLE ALTO ADAMS

Justices of the Supreme Court.

"Gentlemen:

"Under Section 13 of Article IV of the Constitution of Florida, I respectfully request your opinion on the question set forth below:

"The Legislature of the State of Florida, in 1935, enacted Chapter 16784 by which the several offices of Assistant State Attorney were created. Pursuant to that legislative Act, the then Governor appointed, and the Senate confirmed, Honorable J. C. Rogers, to be Assistant State Attorney, for the Tenth Judicial Circuit of the State of Florida, from June 4, 1937, to July 31, 1939. During the 1939 session of the Legis-

lature, the then Governor appointed to said office Honorable William C. Norvell, Jr., and submitted his name to the Senate for confirmation, but the Senate adjorned *sine die* without confirmation or any other action on the appointment. On June 8, 1939, after adjournment of the Senate, the then Governor appointed and commissioned Mr. Norvell to be Assistant State Attorney for the Tenth Judicial Circuit for the period from July 31, 1939, 'until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed by the Senate.'

"THEREUPON, and after July 31, 1939, an original quo warranto proceeding in the Supreme Court of Florida by the State of Florida on the relation of George Couper Gibbs, as Attorney General, was instituted against J. C. Rogers, holding the office of Assistant State Attorney on behalf of William C. Norvell, Jr., as claimant to said office. This proceeding resulted in the determination by the Supreme Court that Mr. Norvell was the rightful holder of the office of Assistant State Attorney for the Tenth Judicial Circuit and judgment was rendered accordingly.

"Subsequently, on June 12, 1940, another commission was issued based on an appointment by the then Governor, to Mr. Norvell as 'Assistant State Attorney in and for the Tenth Judicial Circuit of the State of Florida, for a term of four years from the 31st day of July, A. D. 1939.'

"Under the facts and circumstances stated, is it the constitutional duty of the Governor during the 1941 session of the Florida Legislature to submit to the Senate an appointment for the office of Assistant State Attorney for the Tenth Judicial Circuit of the

State of Florida for the unexpired balance of the term beginning July 31, 1939, and ending July 31, 1943?

"Thanking you for giving me an advisory opinion on this question, and with much respect, I am,

"Cordially yours,

"SPESSARD L. HOLLAND,

"Governor."

It appears that a four-year term in the statutory office of Assistant State Attorney for the Tenth Judicial Circuit of the State of Florida expired July 31, 1939; and that an appointment to the office made by the Governor and by him submitted to the Senate for confirmation at its 1939 session was not acted on by the Senate before its adjournment *sine die;* and that after such final adjournment of the Senate the then Governor was authorized to appoint and did make an appointment to the office and the appointee was duly commissioned to hold the office "until the end of the next ensuing session of the Senate, unless an appointment be sooner made and confirmed by the Senate," pursuant to Section 7, Article IV, of the Constitution and Sections 461 (396) and 464 (399), Compiled General Laws. See State *ex rel.* Gibbs v. Rogers, 141 Fla. 237, 193 So. 435; Sec. 6 Ch. 16784, Acts 1935.

The Senate being now in session, it is within the executive province of the present Governor to make an appointment to the office for the unexpired term, viz. till July 31, 1943, and to submit the appointment to the Senate for its consent thereto during the present session of the Senate.

In Section 3, Chapter 16784, Acts of 1935, it is provided: "It shall be the duty of the Governor of the State of Florida by and with the consent of the Senate

to appoint Assistant State Attorneys in conformity with this Act."

The provision *"by and with the consent of the Senate,"* does not violate Section 27, Article III of the Florida Constitution, which commands that "the Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitution, and fix by law their duties and compensation." See Thomas v. Williamson, 51 Fla. 332, 40 So. 831, headnote 9.

In creating an office to be filled by executive appointment, a provision of the statute that the appointment shall be confirmed by the Senate or that the appointment shall be made by the Governor by and with the consent of the Senate is not unconstitutional, and such provision does not unduly restrict the Governor's discretion and judgment in exercising the executive power of appointment. See State *ex rel.* Buford v. Daniel, 87 Fla. 270, 99 So. 804, Headnote 2.

The Constitution requires confirmation by the Senate in some appointments of officers, and does not forbid confirmations or consent of the Senate in executive appointments of statutory officers. See Sections 15 and 27, Article V, of the Constitution; Simonton v. State, 44 Fla. 289, 31 So. 821; State v. Bird and Viney, 120 Fla. 780, 163 So. 248.

The provision of Chapter 16784, Acts of 1935, that the Governor shall "by and with the consent of the Senate" appoint Assistant State Attorneys, is not invalid and does not impair the executive power and duty of the Governor to make appointment and to submit it to the Senate for its consent.

As after the Senate adjourned *sine die* at the end

of the session of 1939 without taking any action on the Executive appointment to fill the office of Assistant State Attorney for the Tenth Judicial Circuit submitted by the governor to the Senate for its consent thereto; and as the then Governor fully complied with the law in making on June 8, 1939, an appointment and issuing a commission to the appointee to fill the office until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed by the Senate, and as it does not appear that the office became vacant, there was no authority of law for another appointment to the same office or for the issue on June 12, 1940, of another commission to the same appointee to the same office "for a term of four years from the 31st day of July, A. D. 1939." The appointment and commission of June 12, 1940, being unauthorized, did not supersede or effect the valid appointment and commission of June 8, 1939. Nor does such appointment and commission of June 12, 1940, affect the executive power and duty of the Governor to submit to the Senate at its present session for its consent an Executive appointment of an Assistant State Attorney for the Tenth Judicial Circuit of Florida for the remainder of the four-year term of that statutory office which began July 31, 1939, and ends July 31, 1943.

Very respectfully,

ARMSTEAD BROWN
J. B. WHITFIELD
GLENN TERRELL
RIVERS BUFORD
R. H. CHAPMAN
ELWYN THOMAS
Justices.