PER CURIAM.
Supreme Court of Florida
Tallahassee
July 27, 1955
To His Excellency
LeRoy Collins
Governor of Florida
Dear Governor:
We have for. consideration your letter of 20 July 1955, requesting our advice regarding your executive powers and duties pursuant to Section 13 of Article IV of the Florida Constitution [F.S.A.], reading as follows, viz.:
“Honorable E. Harris Drew
Chief Justice, and the
Justices of the Supreme Court of Florida
Supreme Court Building
Tallahassee, Florida
Re: -Absence of Circuit Judge; filling of vacancy
“Gentlemen:
“One of the Circuit Judges of the Fifteenth Judicial Circuit of the State, Honorable C. E. Chillingworth, has been absent from his home and office for over thirty days. . His unexplained absence occurred under circumstances strongly indicating abduction and suggesting that he may not now be living.
“It is, of • course, the fervent hope of all citizens.of Florida that Judge Chillingworth will be returned to his home and official duties alive and unharmed and the full powers of the State and Palm Beach County are engaged in an all out and relentless effort to accomplish this.
“However, the processes of the Courts must go on and it is, therefore, imperative that proper action be taken to relieve the situation now existing in the Fifteenth *779 Judicial Circuit brought about by the untimely and most deplorable disappearance of said Judge.
“Although the Governor is authorized" to assign other Circuit Judges to the Court' of such Circuit Judge, such assignments throw an additional burden on the judges so assigned and in many, cases leave the local courts from, which assigned without sufficient judges- for'the. proper dispatch of business. Furthermore any such assigned judge is not familiar "with the local bar and practices, necessitating' -problems of adjustment. • In this case there is the possibility that assignments of other Circuit Judges to' take care of the work of the Court may have to continue to the end of Judge Chil-lingworth’s term of office, more than "five -years in the future. ■
“I feel that it is of great importance that an appointment be made to perform the duties of this office on a continuing basis. Under Section 13 of said Article IV, the Governor may át any time request' the opinion of the Justices of the Supreme Court ...
“ ‘as to the interpretation of any portion of this Constitution upon any question affecting his Executive powers, and duties * * *. ’
“As Governor of Florida, therefore, I request the opinion of the Honorable Justices of the Supreme Court upon the following questions affecting my executive powers and duties:
“(1) Where a Circuit Judge has been absent from his home and office for a period of more than 30 days, with no explanation for his disappearance, and under circumstances strongly suggesting that he was abducted and may not be living, is it within the Constitutional powers and duties of the Governor to declare said office vacant and make an appointment to fill the same.
“ (2) If you do not hold in answer to question 1 above that I have the authority and duty under the circumstances to declare the office vacant, do I have the Constitutional power and authority to appoint and commission a Circuit Judge to perform the duties of the office during the remaining . unexpired portion of the term of Judge Chilling-worth or the portion thereof during which his absence may continue.
“Section 6, Article IV, of the Florida Constitution, directs . . .
“ ‘The -Governor shall take care that the laws be faithfully executed.’
“And, Section ■ 4 of the Declaration of Rights of the Florida Constitution requires that
“ ‘All courts in this State shall be open, so that 'every person for any injury done him in his lands, goods, person or reputation shall have remedy,, by due course of law, and right and j.ustice shall ■ be administered without sale, denial or delay.’
“And under Section 11 of said Declaration of Rights, it is provided that
“‘In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed * * *; ’
“Section 114.01, Florida Statutes [F.S.A.], provides, in part,
, “ ‘Every office shall be deemed vacant in the following cases: * * * (4) By his (the officeholder) ceasing to be an inhabitant of the state, district, county, town or city for which he shall have been elected or appointed.’
“The Advisory Opinion to the Governor reported in 151 Fla. 44, 9 So.2d 172 [140 A.L.R. 1492], seems to bear upon the question. This opinion was rendered at a time when the United States was at war and the Honorable Spessard L. Holland requested the opinion of the honorable justices on the question of whether a vacancy would be *780 created during the absence of circuit judges during military service, or whether, there being no vacancy, the Governor could appoint a substitute or acting judge to perform the duties of such office during such leave. You advised him that a leave of absence during wartime did not create a vacancy but the following language in the opinion, text [9 So.Zd] page 176, seems to apply in this situation:
“ ‘Emergencies do not create power or authority; but emergencies may afford occasions for the exercise of power? already existing. This principle of law is peculiarly applicable to Executive powers and authority to meet great public emergencies and to conserve governmental efficiency and the welfare of the State. Implied power when not forbidden is as potent as power expressly conferred.
“ ‘The Governor may suspend officers who are not subject to impeachment, and then appoint proper persons to perform the duties of the offices pending such suspensions. The Constitution does not contemplate that an officer shall be suspended from office merely because he is absent in war service under the paramount Federal authority, but does contemplate that the official duties of such officers shall be faithfully performed in the absence of the officers. This being so, certainly the supreme Executive appointing power and the duty of the Governor under the Constitution to take care that the laws be faithfully executed, are sufficient and imperative, when not forbidden to authorize the Governor to appoint a proper person to perform the duties of such an absent officer, pending his compulsory absence from office, in rendering war service during the current term, when the officer is not at fault. This enables the Governor to take care that the duties of the office be faithfully performed during the absence of the officer, without affecting the officer’s term of office, and permits the officer who has been absent without fault, to resume his official duties as of right, upon his return during his current term, such term not being affected by the absence of the officer in war service under the supreme authority of the United States.’
“Respectfully,
/s/ LeRoy Collins
LeRoy Collins
Governor”
Assuming, but not deciding, that the Legislature has the power to declare the conditions under which a constitutional office may become vacant as contemplated by Section 7, Article IV, of the Constitution, and assuming further that the Legislature undertook to exercise such power in the enactment of Section 114.01, F.S.A., still the situation described in your request does not fall within any of the conditions defined by said section as creating a vacancy in office.
 We take judicial notice of the circumstances under which the Honorable C. E. Chillingworth disappeared and the probability that he met with foul play as you suggest in your letter. These circumstances are stressed by the very fact that the Cabinet offered a reward of $50,000 for any information leading to the arrest and conviction of the person responsible for the abduction of Judge and Mrs. Chilling-worth, or for their return, an action that was taken also to protect our state and county officers and to prevent any such “horrible crime” occurring again. So obviously there is no indication even that the occurrence falls under any of the classifications mentioned in the séction. Despite the dilemma, which we well realize, and our desire to assist you, nevertheless we are impelled to the view that you not only have no power to declare the office vacant but you have no power to increase the number of circuit judges fixed in the constitution by appointing someone to serve in Judge Chill-ingworth’s stead. It is clear that the situation described in your letter is one that was never contemplated by the framers of the constitution, or by the Legislature in the *781 enactment of Section 114.01 even if the Legislature had the authority to provide for such a contingency so far as a constitutional officer is concerned.
Respectfully yours,
/s/ E. Harris Drew
E. Harris Drew — Chief Justice
/s/ Elwyn Thomas /s/ Glenn Terrell
Elwyn Thomas — Justice Glenn Terrell — Justice
/s/ H. L. Sebring
T. Frank Hobson — Justice H. L. Sebring — Justice
/s/ Campbell Thornal /s/ B. K. Roberts
Campbell Thornal — Justice B. K. Roberts — Justice
Supreme Court of Florida
Tallahassee
July 27, 1955
To His Excellency
LeRoy Collins
Governor of Florida
Dear Sir:
In reply to your request for an advisory opinion directed to the members of the Supreme Court of Florida under date of July 20, 1955, I respectfully inform you that I concur only in the conclusion reached in the majority advisory opinion to the effect that under the facts outlined in your communication the answer to both of your queries must be in the negative. I cannot, however, subcribe to the inference contained in said opinion that the statutory section you quote is inapplicable to any state of facts which may conceivably be developed out of the situation you describe.
The key determination under your first question is whether or not there is a vacancy in office. The term “vacancy” is nowhere defined in the Florida Constitution. State ex rel. Gibbs v. Rogers, 141 Fla. 237, 193 So. 435. The statute which you cite, therefore, F.S.Sec. 114.01, F.S.A., which supplements organic law and is not in conflict with it, is controlling. Thus in State ex rel. Landis v. Bird, 120 Fla. 780, 163 So. 248, 255, we said:
“An office may become actually vacant as by death, due removal from office, abandonment, or other causes; and the Constitution and statutes may provide that an office shall be deemed vacant or shall become vecant upon grounds or for reasons stated in the law.” [Italics added.]
And in our advisory opinion of July 8, 1942, reported at 151 Fla. 44, 9 So.2d 172, 176, 140 A.L.R.1492, from which you quote, we said that “as mere absence, with leave, of a circuit judge in war service does not ipso facto create a vacancy in the office, the Constitution does not not authorize the Governor to appoint a circuit judge merely because the circuit judge in office is absent with leave in war service, and has not resigned or abandoned the office.” [Italics added.]
The only provision of law under which an incumbent might be held to have “abandoned” his office is F.S.Sec. 114.01(4), F.S. A., supra. And it is to be noted that this section necessarily contemplates physical abandonment of the locus of the office, rather than inability, from causes other than absence, to perform the duties of the office. Upon this ground I distinguish our opinion of April 30, 1914, reported at 67 Fla. 423, *782 65 So. 4, wherein we concluded that long-continued illness.of a circuit judge, .réndefr ing him unable to devote his personal attention to the duties of "his office, .does not create a vacancy authorizing an executive appointment thereto. Oil the other hand, it is not' every physical absence which will create a vacancy. Absence with leave for military service in time of war is not such a cessation of inhabitancy as’will leáve the office vacant, as we advised in our opinion of July 8, 1942, supra, 9 So.2d 172. Such absence is by its nature ostensibly temporary, although without day,’ and. the Constitutional obligation of the' State to support the national war effort is necessarily involved. These factors do not appear in the matter now under consideration.
Since it appears that F.S.Sec. 114.01(4), F.S.A., is available as a possible basis for-executive action herein, the next inquiry must be whether the situation posed in your first question meets the statutory requirement. . .
Cessation of inhabitancy amounting ; to abandonment of. the jurisdictional area is the statutory criterion as we have heretofore construed it. The facts you give in your first question are less than this. No present pronouncement of ours, based upon the continued absencé from home and office which you mention, even coupled with facts surrounding the unfortunate disappearance which we may judicially notice, can amount to a judicial opinion that a vacancy may be declared to exist in the office within the meaning of the statute. I regret to conclude, therefore, that your first question must be answered in the negative, with the observation, however, that in my opinion if the case can be brought within the bounds of the statute, a vacancy may be deemed to exist which may be filled according to law.
The second question is answered-by reference to our opinion of July 8, 1942, supra, 9 So.2d 172, 176. While the language which you quote in your letter is applicable to officers not subject to impeachment, we were then, and I am yet, of the opinion that no acting or substitute circuit judge may be appointed, since no authority exists for such appointment. As we there pointed -out:
¡‘Unlike other officers,-circuit judges may, under paragraph 3 of section 8,. Article V of the Constitution, be assigned by executive order of the Governor to hold terms or parts of terms in any other circuit of the State. Additional circuit judges may be appointed by the Governor in circuits containing the required population when so authorized by statuté. Séction 45, Article V, Constitution. Under section 19,. Article V, judges ad litem in certain cases may be agreed upon by the parties to civil cases in the circuit courts or county courts. Practicing attorneys, may be appointed referees in civil causes as 'authorized by section 20, Article V. S.ee, also, section 39, Article V, as to powers of the Court of Record similar to circuit courts.”
Beyond the powers outlined in this quotation, I am apprised of , no other appointive powers in the premises'in the absence of a vacancy. „ ■ ■
Respectfully,
/s/ T. Frank Hobson
T. Frank Hobson Justice