Mr. Stephen G. Beneke Attorney Pinellas County Housing Authority 1904 Drew Street Clearwater, Florida 33515
Dear Mr. Beneke:
This is in response to your request for an opinion asking substantially the following question:
 DOES A VACANCY EXIST ON A COUNTY HOUSING AUTHORITY CREATED PURSUANT TO CH. 421, F.S., WHEN THE TERM OF OFFICE OF A CURRENT COMMISSIONER EXPIRES SO AS TO REQUIRE THE APPOINTMENT OF CERTAIN PERSONS AS SPECIFIED BY s 421.05(1), F.S., AS AMENDED BY CH. 84-250, LAWS OF FLORIDA?
You state in your inquiry that a current commissioner of the Pinellas County Housing Authority, which was created pursuant to Ch. 421, F.S., is serving a term of office which is due to expire soon and that such commissioner is concerned about whether or not he may be considered for reappointment in light of legislation enacted during the 1984 Regular Session of the Florida Legislature which became effective October 1, 1984, and which requires the appointment of certain persons to housing authorities created pursuant to Ch. 421, F.S., "at the time a vacancy exists." For the reasons hereinafter developed, it is my opinion that the expiration of a term of office does not create a vacancy on a housing authority and that your question should be answered in the negative.
Section 1 of Ch. 84-250, Laws of Florida, amended s 421.05(1), F.S., so as to add the following language:
 All housing authorities created pursuant to Chapter 421, Florida Statutes, shall have at least one commissioner who shall be a resident who is current in rent in a housing project or a low-income person who is receiving rent subsidy through programs administered by the authority, and shall be appointed at the time a vacancy exists. (e.s.)
See also, s 421.27(2), F.S., making provisions of Ch. 421, F.S., applicable to housing authorities created for cities equally applicable to each housing authority created for a county.
The term "vacancy" is not defined in Ch. 421, F.S. In the absence of any such definition solely applicable to Ch. 421, the constitutional and statutory provisions relating to vacancies in office apply to and control the meaning of the term "vacancy" as used in s 421.05(1), F.S., as amended by Ch. 84-250, Laws of Florida. See, Thayer v. State, 335 So.2d 815 (Fla. 1976), holding that the Legislature is presumed to know the meaning of the words used in a statute and to have expressed its intent by the use of words found in the statute. See also, Ervin v. Capital Weekly Post, Inc., 97 So.2d 464 (Fla. 1957), holding that where the definition of a term had been part of the statute law for more than 40 years, the court must assume that the members of the Legislature were familiar with it. The relevant constitutional and statutory provisions are found in s 3, Art. X, State Const., and s114.01(1), F.S., respectively. Section 3, Art. X, State Const., provides as follows:
 Vacancy in office shall occur upon the creation of an office, upon the death of the incumbent or his removal from office, resignation, succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term.
Section 114.01(1), F.S., provides as follows:
(1) A vacancy in office shall occur:
(a) Upon creation of an office.
(b) Upon the death of the incumbent officer.
(c) Upon removal of the officer from office.
 (d) Upon the resignation of the officer and acceptance thereof by the Governor.
(e) Upon the succession of the officer to another office.
 (f) Upon the officer's unexplained absence for 60 consecutive days.
 (g) Upon the officer's failure to maintain the residence required of him by law.
 (h) Upon the failure of a person elected or appointed to office to qualify for the office within 30 days from the commencement of the term of office.
 (i) Upon the refusal of the person elected or appointed to accept the office.
 (j) Upon the conviction of the officer of a felony as defined in s. 10, Art. X of the State Constitution.
 (k) Upon final adjudication, in this state or in any other state, of the officer to be mentally incompetent.
 (l) Upon the rendition of a final judgment of a circuit court of this state declaring void the election or appointment of the incumbent to office.
See also, s 114.01(2), F.S., specifying that as to paragraphs (b) and (f)-(k) of subsection (1), the Governor shall file an executive order with the Secretary of State setting forth the facts giving rise to the vacancy and certain other matters, and declaring that the office shall be considered vacant as of the date specified in such order or as of the date such order is filed with the Secretary of State if it does not specify a date. Cf., s114.04, F.S., providing in pertinent part that "the Governor shall fill by appointment any vacancy in a state, district, or county office, other than a member or officer of the Legislature, for the remainder of the term of an appointive officer. . . ." And cf., s421.27, F.S., as to appointment power in the Governor with respect to commissioners of a housing authority created for a county.
Thus, it appears from examination of pertinent constitutional and statutory provisions that the expiration of a term of office for an appointed commissioner of a county housing authority created pursuant to Ch. 421, F.S., is not one of the specified circumstances under which a "vacancy" occurs in that office. Under the rule "expressio unius est exclusio alterius," the express mention of specified circumstances under which a vacancy in office shall occur is the implied exclusion of any other circumstances which result in the occurrence of a vacancy.
See generally, Thayer v. State, supra; Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands,19 So.2d 234 (Fla. 1944). This view of the constitutional and statutory provisions is buttressed by the case of State ex rel. Landis v. Bird, 163 So. 248 (Fla. 1935), holding that the expiration of the official term when a successor has not been duly chosen does not cause an actual vacancy in office, since the incumbent continues in office until his successor is duly qualified (citing to s 7, Art. IV, State Const. 1885 [present s 3, Art. X, State Const.] and s 14, Art. XVI, State Const. 1885 [continued as statutory law by s 10, Art. XII, State Const.]. Moreover, nothing contained in Ch. 84-250, Laws of Florida, indicates an intent that its provisions are meant to operate retrospectively. See, AGO 84-56, concluding that s 421.05(1), F.S., as amended by Ch. 80-357, and further amended by Ch. 81-259, Laws of Florida, authorizing an increase in the number of appointed housing authority commissioners (as made applicable to a county housing authority pursuant to s 421.27[2], F.S.), may not be applied retrospectively to allow the number of commissioners of a housing authority created prior to such amendments to be increased, relying on the presumption that a legislative act operates prospectively only unless there is a clear showing of retroactive intent. Cf., AGO 84-74 (municipality not authorized to change composition of board of commissioners of community redevelopment agency from that prescribed by statute).
Therefore, unless and until legislatively or judicially determined otherwise, I conclude that the expiration of a term of office of a current commissioner of a county housing authority does not create a vacancy on such authority so as to require the appointment of certain persons as specified by s 421.05(1), F.S., as amended by Ch. 84-250, Laws of Florida, since neither s 3, Art. X, State Const., nor s 114.01(1), F.S., includes the expiration of the term of an officer as a circumstance under which a "vacancy" occurs in that office.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General