Dear Mr. Scruby:
As County Attorney and on behalf of the Board of County Commissioners of Clay County, Florida, you have asked for my opinion on substantially the following question:
1. Does a vacancy exist on the Board of District Trustees of the Lake Asbury Municipal Service Benefit District when the term of office of a current board member expires and no one qualifies for election to that seat on the board so as to require the Board of County Commissioners of Clay County to appoint a board member to fill that seat.
2. If the response to Question One is in the negative, then must a special election be called to fill a seat on the Board of District Trustees of the Lake Asbury Municipal Service Benefit District?
3. If the response to Question One is in the affirmative, then who is responsible for calling the special election?
In sum:
1. The expiration of a term of office of a current commissioner of the Lake Asbury Municipal Service Benefit District does not create a vacancy so as to require the appointment of a qualified successor district trustee as specified in section (2)(f), Chapter 86-392, Laws of Florida. since neither section 3, Article X of the Florida Constitution nor section 114.01(1), Florida Statutes, includes the expiration of the term of an officer as a circumstance under which a "vacancy" occurs in that office.
2. and 3. Section (2)(b), Chapter 86-392, Laws of Florida, requires that trustees for the district shall serve until their successors are elected and qualified. In the event of a vacancy on the board, section (2)(f) of the act provides that the Board of County Commissioners shall appoint a qualified successor district trustee to hold office until the next ensuing general election.
Initially, I would note that my comments below are general and addressed to future actions of the district and the county in filling vacant offices. No comment is expressed herein as to previous actions of the county with regard to the Lake Asbury Municipal Service Benefit District.
The Lake Asbury Municipal Service Benefit District (the "district") is a dependent special district created by Chapter 86-392, Laws of Florida.[1]
The purpose of the district is "the continuing maintenance of the lakes and dams known as Lake Asbury, South Lake Asbury, and Lake Ryan in Clay County, Florida"[2] Included in the powers extended to the district are: the power to issue tax anticipation notes and revenue certificates secured by the revenues of the district; to levy and assess ad valorem taxes to pay the cost of municipal services; and to levy a special assessment for purposes of the district.[3]
The act provides that the governing body of the district is a board of nine district trustees serving staggered terms of office.[4] All members of the original board were appointed by the Clay County Board of County Commissioners. The enabling legislation for the trustees of the Lake Asbury district provides that the original district trustees "shall hold office until the nextgeneral election and until their successors are elected andqualified."[5] (e.s.) At the first general election following the county's appointment of the original board, all nine district trustees stood for election by the voters of the district:
"At the first general election following the appointment of the original Board of District Trustees, nine District Trustees shall be elected by the qualified voters of the district, with four 2-year terms and five for 4-year terms, and shall serve until their successors are elected and qualified. The seats shall be numbered consecutively. In the original election, the odd-numbered seats shall be elected for terms of 4 years, the even-numbered seats for terms of 2 years. The term of office of the District Trustees elected at each succeeding election shall be 4 years. . . ."[6]
The act requires that elections for district trustees be held in conjunction with the second primary and general election and trustees take office at the same time as members of the Board of County Commissioners.[7]
The act also provides for the removal from office of district trustees:
"Any District Trustee may be removed from office by the Board of County Commissioners for misfeasance, malfeasance, or willful neglect of duty. In the event of a vacancy in the office due to any cause, the Board of County Commissioners shall appoint a qualified successor District Trustee to hold office until the next ensuing general election."
The term "vacancy" is not defined for purposes of the enabling legislation creating the district and, in the absence of a definition applicable to the act, the constitutional and statutory provisions relating to vacancies in office apply to and control the meaning of the term "vacancy" as used in Chapter 86-392, Laws of Florida.[8] The relevant constitutional and statutory provisions are found in section 3, Article X, Florida Constitution, and section 114.01(1), Florida Statutes.
Section 3, Article X of the Florida Constitution provides for vacancies in office as follows:
"Vacancy in office shall occur upon the creation of an office, upon the death, removal from office, or resignation of the incumbent or the incumbent's succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term."
The Florida Statutes also make provision for vacancies in office. Section 114.01(1), Florida Statutes, provides that:
"(1) A vacancy in office shall occur:
(a) Upon creation of an office.
(b) Upon the death of the incumbent officer.
(c) Upon removal of the officer from office.
(d) Upon the resignation of the officer and acceptance thereof by the Governor.
(e) Upon the succession of the officer to another office.
(f) Upon the officer's unexplained absence for 60 consecutive days.
(g) Upon the officer's failure to maintain the residence required of him or her by law.
(h) Upon the failure of a person elected or appointed to office to qualify for office within 30 days from the commencement of the term of office.
(i) Upon the refusal of the person elected or appointed to accept the office.
(j) Upon the conviction of the officer of a felony as defined in s. 10, Art. X of the State Constitution.
(k) Upon final adjudication, in this state or in any other state, of the officer to be mentally incompetent.
(l) Upon the rendition of a final judgment of a circuit court of this state declaring void the election or appointment of the incumbent to office."[9]
Thus, it appears from examination of pertinent constitutional and statutory provisions that the expiration of a term of office is not one of the specified circumstances under which a "vacancy" occurs in that office. Under the rule expressio unius est exclusioalterius, the express mention of specified circumstances under which a vacancy in office shall occur is the implied exclusion of any other circumstances which result in the occurrence of a vacancy.[10] This view of the constitutional and statutory provisions follows the case of State ex rel. Landis v.Bird, [11] holding that the expiration of the official term when a successor has not been duly chosen does not cause an actual vacancy in office, since the incumbent continues in office until his successor is duly qualified.[12] The Florida Supreme Court subsequently cited Landis and relied on this reasoning inTappy v. State ex rel. Byington, [13] a case requiring the determination of the occurrence of a vacancy:
"Where under the Constitution an officer continues in office after the expiration of his official term, he continues as a de jure officer subject to the successor in office becoming `duly qualified.' And where the legal incumbent of an office is authorized by law to hold over at the expiration of the term until his successor is elected and qualified, `the period of his holding over is as much a part of his tenure of office as the regular period fixed by law; the office is held by the same title and by as high and lawful a tenure after the prescribed term, until the title of a duly elected successor attaches, as before and during such term * * *.'" (citations omitted)[14]
Therefore, it is my opinion that the expiration of a term of office of a current commissioner of the Lake Asbury Municipal Service Benefit District does not create a vacancy so as to require the appointment of a qualified successor district trustee as specified in section (2)(f), Chapter 86-392, Laws of Florida, since neither section 3, Article X of the Florida Constitution nor section 114.01(1), Florida Statutes, includes the expiration of the term of an officer as a circumstance under which a "vacancy" occurs in that office.
Questions Two and Three
You have also asked, if my conclusion is that no vacancy is created by the expiration of a term of office, whether a special election must be called and by whom to fill a seat on the board of trustees of the district for which no one has qualified during the 2010 election cycle. As I indicated in the discussion above, no vacancy is created by the expiration of a term of office of a current commissioner of the district. Rather, the special act requires that each trustee continue to serve until his or her successor is elected and qualified.[15] Assuming that a vacancy is created, by, for instance, resignation of the person holding over in office, Chapter 86-392, Laws of Florida, requires the Board of County Commissioners to appoint a qualified successor to hold office until the next ensuing general election.
The Florida Statutes provide a method for filling vacancies in district offices. Section 114.04, Florida Statutes, states:
"Except as otherwise provided in the State Constitution, the Governor shall fill by appointment any vacancy in a state, district, or county office, other than a member or officer of the Legislature, for the remainder of the term of an appointive officer and for the remainder of the term of an elective office, if there is less than 28 months remaining in the term; otherwise, until the first Tuesday after the first Monday following the next general election. With respect to any office which requires confirmation by the Senate, the person so appointed may hold an ad interim term of office subject to the provisions of s. 114.05. Each secretary or division director of a department of the executive branch, or the State Surgeon General, who is required by law to be appointed by the Governor and confirmed by the Senate shall serve at the pleasure of the Governor, unless otherwise provided by law, and the appointment of such person shall run concurrently with the term of the Governor making the appointment. In the event a Governor is elected to a second term of office pursuant to s. 5, Art. IV of the State Constitution, each secretary or division director, or the State Surgeon General, so appointed shall be reappointed or, at the discretion of the Governor, replaced by a new appointee. Reappointments to the same office shall be subject to confirmation by the Senate as provided in s. 114.05."
However, the provisions of Chapter 86-392, Laws of Florida, specifically set forth the procedure for filling vacancies on the Lake Asbury Municipal Service Benefit District board and require that "[in] the event of a vacancy in the office due to any cause, the Board of County Commissioners shall appoint a qualified successor . . . to hold office until the next ensuing general election." In light of this language, I cannot advise you that the district or the county may disregard this legislative charge and utilize the provisions of section 114.04, Florida Statutes.[16]
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See Chs. 86-392 and 2010-268, Laws of Fla., and Official List of Special Districts Online, "Lake Asbury Municipal Service Benefit District" at Http://Www.Floridaspecialdistricts.Org /Officiallist/Report.Cfm.
[2] See s. 2(1), Ch. 86-392, Laws of Fla.
[3] Section 2 (4) (h), (i), and (j), Ch. 86-392 and Ch. 2010-268, Laws of Fla.
[4] Section (2)(a), Ch. 86-392, Laws of Fla.
[5] Id.
[6] Section (2)(b), Ch. 86-392, Laws of Fla.
[7] Section (2)(d) and (e), Ch. 86-392, Laws of Fla.
[8] See Thayer v. State, 335 So. 2d 815 (Fla. 1976), holding that the Legislature is presumed to know the meaning of the words used in a statute and to have expressed its intent by the use of words found in the statute. See also Ervin v. Capital Weekly Post,Inc., 97 So. 2d 464 (Fla. 1957), holding that where the definition of a term had been part of the statutory law for more than 40 years, the court must assume that the members of the Legislature were familiar with it.
[9] See also s. 114.01(2), Fla. Stat., specifying that as to paragraphs (b) and (f)-(k) of subsection (1), the Governor shall file an executive order with the Secretary of State setting forth the facts giving rise to the vacancy and certain other matters including the date on which the vacancy in office occurred. The office is considered vacant as of the date specified in the order or as of the date such order is filed with the Secretary of State if it does not specify a date. Cf. s 114.04, Fla. Stat., providing in pertinent part that "the Governor shall fill by appointment any vacancy in a state, district, or county office, other than a member or officer of the Legislature, for the remainder of the term of an appointive officer. . . ."
[10] See generally Thayer v. State, supra n. 8; Dobbs v. SeaIsle Hotel, 56 So. 2d 341 (Fla. 1952); Ideal Farms DrainageDist. v. Certain Lands, 19 So. 2d 234 (Fla. 1944).
[11] 163 So. 248 (Fla. 1935). And see Tappy v. State ex rel.Byington, 82 So. 2d 161 (Fla. 1955); Ops. Att'y Gen. Fla. 85-20 (1985) and 78-72 (1978).Cf. 82-100 (1982).
[12] Citing to s. 7, Art. IV, State Const. 1885 (present s. 3, Art. X, Fla. Const.) and s. 14, Art. XVI, State Const. 1885) continued as statutory law by s. 10, Art. XII, Fla. Const.).
[13] 82 So. 2d 161 (Fla. 1955).
[14] Id at 166.
[15] As this office has noted, until the selection and qualification of a successor, "a de facto officer and the title to his office or the authority to act as a de facto officer cannot be collaterally attacked or inquired into by third parties." Attorney General Opinions 99-25 (1999), 78-107 (1978), and 73-193 (1973).And see Treasure, Inc. v. State Beverage Department,238 So. 2d 580, 585-586 (Fla. 1970); State v. Murphy,13 So. 705, 716 (Fla. 1893). In Attorney General's Opinion 78-107, the two-year terms of three of the elective commissioners of a special district had expired and no one had qualified to succeed them in office nor had they chosen to run for reelection. The opinion concluded that the commissioners whose terms had expired could, but were not required to, hold over as de facto officers until such time as the Governor could appoint their successors.
[16] See Rowe v. Pinellas Sports Authority,461 So. 2d 72 (Fla. 1984) (when a special act and a general law conflict, the special act will prevail). The Attorney General cannot declare a statute unconstitutional or invalid or advise any officer to disregard a legislative direction or mandate. On the contrary, a statute is presumed to be constitutional and must be given effect until judicially declared invalid. SeePickerill v. Schott, 55 So. 2d 716 (Fla. 1951) and State exrel. Atlantic Coastline R. Co. v. State Board of Equalizers,94 So. 681, 682 (Fla. 1922).